## LAURA F. OUTLAW

*vs.*

## CHARLES W. OUTLAW.

*Alimony: where no divorce is prayed for in bill; insufficient grounds for—. Divorce proceedings: dismissal of bill; without prejudice; Court no jurisdiction to pass further orders; custody of children; costs; of appeal.*

Upon proof of conduct on the part of the defendant in divorce proceedings, which would justify a decree of divorce *a mensa et thoro,* alimony may be awarded without decreeing a divorce, when alimony is the only relief prayed for in the bill.

p. 695

Mere turbulence of temper, petulance or infirmity of mind or body does not constitute grounds for divorce. p. 695

In this case the evidence as to the cruelty and the insulting behavior complained of in a bill for alimony was considered, and *was Held,* not sufficient to sustain the bill. p. 695

An order which dismissed a bill, without prejudice as to the right of the plaintiff to institute such further proceedings as she may choose to institute, in order to determine her rights to the custody and guardianship of the children, does not adjudicate any rights, and is not so far final as to be reviewable by the Court of Appeals. p. 695

After the dismissal of a bill, the Court is without jurisdiction to pass any order upon the plaintiff, on the petition of the defendant, presenting the same questions as were presented by the bill. p. 695

In divorce proceedings, the trial Court has jurisdiction to pass upon the petition of the plaintiff for counsel fees, as incident to an appeal, even though no order was passed on such petition before the dismissal of the bill. p. 695

But a petition for counsel fees in the prosecution of the suit in the lower Court should be passed upon before the bill is dismissed, or else the Court should reserve the right to pass upon such petition thereafter. p. 695

*Decided February 13th, 1914.*

Appeal from the Circuit Court for Baltimore County, from the order of June 20, 1913, (Burke, C. J.,) modifying his order, of June 3, dismissing a bill for alimony and the custody of the infant child of the parties; the modification being to reserve the disposition of the question of costs for the further action of the Court and to declare that the dismissal of the bill was without prejudice to the rights of the plaintiff to take further proceedings to determine the question of the custody of the infant child; but the portion of the order whereby the bill of complaint was dismissed was reaffirmed; the appeal was also from an order of that Court (Burke, C. J.,), dated July 8th, ordering the plaintiff to produce the child in Court, etc., on a day named; the appeal was also taken from an order of the same Court (Harlan, J.,), passed August 2nd, declaring the plaintiff in contempt for not having brought the child into Court as directed by the said order of July 8th; and from an order of the same Court (Harlan, J.,), dated August 13th, ordering that certain petitions on which the order of June 20th was, in part, based, be dismissed, and that certain orders *nisi* (awarding alimony, counsel fees and the costs of the appeal), passed thereon, be discharged, and that the plaintiff pay the entire costs of the proceedings, unless the plaintiff should, within a certain day named, and upon the service of the copy of the order upon her counsel, produce in Court the infant child of the parties and purge herself of the contempt committed by her.

The cause was argued before Boyd, C. J., Briscoe, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*E. Allan Sauerwein* and *Joseph C. France* (with whom was *Victor I. Cook* on the brief), for the appellant.

*S. S. Field,* for the appellee.

The order of June 3, as modified by the order of June 20th, was affirmed; the appeal from the order of July 8 was dismissed, and the orders of August 2nd and August 13th, 1913, were reversed, the cause remanded, the appellant to pay the costs of the appeal.

Pattison, J., delivered the opinion of the Court.