WALTER L. WESTPHAL

*vs.*

MARY WESTPHAL.

*Divorce*: *alimony pending suit; discretion; review by Court of Appeals.*

There is no fixed rule as to the amount of allowance to be made for alimony, but it is within the judicial discretion, to be exercised with a view to all the circumstances of the case, such as the husband's income, the estate of the wife, the age and conditions of the parties, the disposition and care of the children, and the ability of the parties to care for themselves.

p. 334

While the allowance of alimony to a wife pending a suit for divorce is regulated by the circumstances of each case, and the amount is largely discretionary with the Chancellor, yet this discretion is open for review, and it may be inquired into by the Court of Appeals.                         pp. 333-334

*Decided February 27th, 1918.*

Appeal from a decree of Circuit Court No. 2 of Baltimore City  (DUFFY, J.)

The facts are stated in the opinion of the Court.

The cause was heard before BOYD, C. J., BRISCOE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Benjamin L. Freeny* (with whom was *Charles F. Harley,* on the brief), for the appellant.

*Isaac Lobe Straus,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The single question, raised by this appeal, is, whether the Court committed an error in directing the husband, the defendant in the Court below, to pay the wife, the plaintiff, the sum of seventy-five dollars per week, as alimony *pendente lite* for the support and maintenance of herself and of their children, residing with her, during the pendency of divorce proceedings.

The bill for a divorce *a mensa et thoro,* permanent alimony, alimony *pendente lite,* and counsel fee, was filed by the wife against the husband, in the Circuit Court No. 2 of Baltimore City, on the 24th of November, 1916. A cross-bill thereafter for a divorce *a vinculo matrimonii* was filed by the husband against the wife, on the 18th of December, 1916.

On the 5th of December, 1916, the plaintiff (wife) filed a petition, for alimony *pendente lite,* wherein it is alleged, that the husband is a man of large fortune, being worth over $400,000, and is possessed of an income and earnings aggregating $40,000 per year, that she has no means or resources whatsoever wherewith to support herself or her four children except the sum of twenty-five dollars per week, which her husband has been sending her.

The prayer of the petition is, that the defendant be required to pay her such sum of money per week for the support and maintenance of herself and children, during the pendency of the divorce proceedings, according to his financial resources, as may be proper and equitable.

Upon this petition, the Circuit Court No. 2 of Baltimore City, on the 5th of December, 1916, ordered and directed the defendant to pay to the petitioner the sum of seventy-five

dollars per week, accounting from the 24th of December, 1916, as alimony *pendente lite,* unless cause was shown to the contrary by a certain day named in the petition, provided, that a copy of the order was served upon the defendant, on or before the 11th day of December, 1916.

The defendant answered this petition, and averred in substance that his income was not sufficient to warrant the payment of the amount directed to be paid by the Court, but that he was willing to pay a sum based upon his actual income.

The case was heard, upon the petition, answer and testimony taken in open Court, and from an order of Court dated the 17th day of March, 1917, directing the defendant to pay the plaintiff the sum of seventy-five dollars per week, as alimony *pendente lite,* during the pendency of the divorce proceedings, and also, to have the use and occupation of a dwelling house owned by the defendant in the City of Baltimore, free of rent, until the further order of the Court. From this order, this appeal has been taken.

The appellant contends, that the order should be reversed, first, because there was no sufficient hearing before the award of alimony, and, second, because the amount allowed by the Court is grossly excessive.

The first objection is answered by an examination of the record, wherein it appears, that the defendant was not only represented by counsel at the hearing, but testified at length, both upon examination in chief, upon cross-examination, upon re-direct and then upon re-cross examination. It further appears, that at the conclusion of his testimony, the plaintiff was produced as a witness on the call of the Court, and testified in the case. There was no proffer so far as the record discloses, for the introduction of further testimony on the part of either the defendant or the plaintiff, or any offer to produce other testimony reflecting upon the case, until after the Court had delivered its opinion and had determined upon the amount of the allowance for alimony and had stated its reasons therefor. At this stage of the pro-

ceedings, the following appears from the record to have occurred:

(Mr. Harley) : I would like to have it noted that we have not had any opportunity to put in any testimony at all.

(The Court) : Of course, I do not want to consider any final alimony now.

(Mr. Straus) : About what my brother says about not going into this case also applies to us. We did not develop our case.

(The Court) : I have not taken any advantage of you.

(Mr. Harley) : We will be allowed for the money we have already paid?

(The Court) : Oh, yes.

(Hearing ended.)

It is difficult to see, upon what ground, it can be urged, that the defendant was deprived of any legal right, or that he was not given a proper or sufficient hearing, which would in any way affect the validity of the order of Court allowing the alimony, in this case. The order it will be seen was largely based, upon the defendant's own testimony, as to his resources and financial worth. His testimony covers over thirty pages of the record, and contains a detailed statement, as to his holdings and property, both real and personal.

The Court in this case not only had jurisdiction of the subject-matter and the parties, but it gave notice to the party, to be affected thereby, and there was a hearing, upon testimony, in open Court, to support the averments of the petition and answer. The order of Court is clearly free from objection for the reason here urged against it. *Buckner* v. *Buckner,* 118 Md. 263 ; *Mulhall* v. *Mulhall,* 120 Md. 22 ; *Crane* v. *Crane,* 128 Md. 219.

The second objection, that the amount of the award or allowance of alimony *pendente lite* was grossly excessive, is also not tenable and cannot be sustained.

Whilst the allowance of alimony to a wife pending a suit for a divorce, is regulated by the circumstances of each case,

and the amount to be allowed is largely in the discretion of the Chancellor, yet it is well settled, by decisions of this Court, that this discretion is open for review, and may be inquired into, on appeal to this Court.

In *McCaddin* v. *McCaddin,* 116 Md. 572, it is said, that it is the duty of the Court in determining the amount of alimony to inquire into the circumstances of the parties not only as to the financial condition of the husband, but his ability to earn money and although this Court has the power to review the amount fixed by the lower Court (*Chappell* v. *Chappell,* 86 Md. 532), it should not disturb the large discretion vested in the Chancellor unless it is thoroughly satisfied that there has been error in respect to the amount named.

In *Crane* v. *Crane,* 128 Md. 219, this Court reviewed the earlier cases upon the award or allowance of alimony to a wife pending a suit for divorce and said: "The rule is believed to be almost universal, to allow a destitute wife, who has been abandoned, or is living apart from her husband, temporary alimony, and the means of prosecuting or defending a suit for divorce, and this without any inquiry whatever into the merits." *Coles* v. *Coles,* 2 Md. Chan. 342; *Chappell* v. *Chappell,* 86 Md. 536; *Rohrback* v. *Rohrback,* 75 Md. 318; *Buckner* y. *Buckner,* 118 Md. 265; *Outlaw* v. *Outlaw,* 122 Md. 695; *Mulhall* v. *Mulhall,* 120 Md. 25.

In 2 *A. & E. Ency. of L.* (2nd Ed.), title "Alimony," p. 111, it is said: "There is no fixed rule as to the amount of allowance to be made, but this is within the judicial discretion to be exercised with a view to all the circumstances of the case, as the husband's income, the estate of the wife, the age and condition of the parties, the disposition and care of the children, and the ability of the parties to care for themselves." See also *Stewart's Marriage and Divorce,* sec. 389; 2 *Bishop, Marriage, etc.,* sec. 595; 2 *Nelson on Divorce,* sec. 860.

In the case now under consideration the testimony of the defendant shows that the husband's property and financial

resources consist of bonds, notes, cash, mortgages and real estate, and that he is worth at least $226,000. He is about 39 years of age, and has accumulated this fortune within a short period of time. His ability to earn money from several industries, in which he is now engaged, and the income from his investments, should afford a sufficient basis for a reasonable award of alimony for the support of his wife and his four minor children.

In *Ricketts* v. *Ricketts,* 4 Gill, 109, it is said: "The law has laid down no exact proportion. It sometimes gives a third, sometimes a moiety. The object to which the attention of the Court is directed, and at which it aims, is to secure to a wife, by a suitable provision, a certain and comfortable maintenance."

The wife, in this case, it appears, owns no property and her financial condition is one of absolute dependency, upon her husband for support and for the maintenance of her four minor children.

Under the facts and circumstances disclosed by the record, in this case, we are not satisfied that the Court below committed an error in the amount of alimony allowed, and being of opinion, the sum allowed, was a reasonable one, we shall affirm the order appealed from.

*Order affirmed, with costs.*