# LEON WYGODSKY

*vs.*

## ELSA M. WYGODSKY.

*Divorce: alimony; review on appeal; destitute wife.*

While the Court of Appeals has the right to review the amount of alimony allowed in divorce proceedings, yet unless thoroughly satisfied that there has been error, it should not disturb the large discretion vested in the chancellor.                                     p. 345

The rule is almost universal to allow a destitute wife who has been abandoned, or who is living apart from her husband, temporary alimony and the means of prosecuting or defending a suit for divorce, and this without any inquiry into the merits.
                                                                        p. 346

*Decided April 9th, 1919.*

Appeal from the Circuit Court of Baltimore City.  (AM-BLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER and CONSTABLE, JJ.

*Leonard Weinberg* and *Isaac Lobe Straus,* for the appellant.

*Randolph Barton,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of Baltimore City, dated the 28th day of October, 1918, requiring the appellant to pay to the appellee, his wife, the sum of two hundred and fifty dollars as counsel fee, and the further sum of two hundred dollars per month' as alimony *pendente lite,* and continuing until the further order of the Court.

The bill for divorce *a mensa et thoro was* filed by the husband against the wife on the 20th of September, 1918, on the ground of desertion.

The defendant appeared and answered the bill on the 3rd of October, 1918, denying its allegations, and also filed a cross-bill asking for a divorce on the ground of cruelty and desertion, and for alimony during the pendency of the suit, and for a counsel fee to enable her to prosecute the suit.

It appears from the record that the final order allowing the alimony and counsel fee in the case was passed by the Court below, after a full hearing upon the application and an answer thereto, testimony taken and upon arguments by the counsel for the respective parties, and made subject to the further order of the Court.

While this Court has the undoubted right and power to review the amount allowed and fixed, as alimony in divorce proceedings by the lower Court, it is well settled as stated in *McCaddin* v. *McCaddin,* 116 Md. 572, that it should not disturb the large discretion vested in the Chancellor unless it is thoroughly satisfied that there has been error in respect to the amount named. *Buckner* v. *Buckner,* 118 Md. 264; *Crane* v. *Crane,* 128 Md. 220; *Westphal* v. *Westphal,* 132 Md. 330.

The principal ground urged by the appellant for the reversal of the order appealed from appears to be, that the award and amount directed to be paid the wife is excessive, and not based upon the financial condition and income of the husband or a reasonable allowance under the testimony in the case.

While there is no fixed rule as to the award or allowance of alimony to a wife pending a suit for divorce, it was held

in *Crane* v. *Crane,* 128 Md. 220, where the earlier cases in this Court were reviewed and considered that the rule is believed to be almost universal to allow a destitute wife who has been abandoned or is living apart from her husband, temporary alimony and the means of prosecuting or defending a suit for divorce and this without any inquiry whatever into the merits.

The testimony at the hearing of this case and set out in the record shows, that the husband has an actual cash income of $11,302.00. He testified that he was the Vice-President and General Manager of the Baltimore Oil Engine Company and had received an annual salary of ten thousand dollars for two years from the company and this amount had been paid to him in regular monthly instalments during this period. It also appears that he owns property, including cash, to the amount of $30,947.29, as follows:

| | |
|---|---:|
| Cash in savings bank | $15,658.25 |
| 1,000 sh. Cosden pfd., say | 3,750.00 |
| Mortgage | 5,000.00 |
| Liberty bonds | 1,800.00 |
| Furniture, etc. | 4,500.00 |
| Cash | 239.04 |
| Total | $30,947.29 |

In addition to these amounts he owns 219 shares of Cosden Common stock and 1,800 shares of Baltimore Oil Engine Company, the latter holding of stock he testified was "still in an experimental stage," and his life is insured in favor of this company for $100,000.00.

He was married on the 1st of September, 1917, and had lived with his wife, at the boarding house of the wife's father and mother, since their marriage.

The wife it appears owns no property whatever and he testified "that she considered herself weak and not strong," and that she was not able to attend to any of the household work, except she would mend stockings or underwear. At the

time of the filing of the bill by him and at the time the testimony was taken the wife was expecting to become the mother of her first child in February, 1919, and the child was subsequently born on January 26th, 1919. Apart from filing the bill at this critical period in the wife's life, he took from her all the furniture in a replevin proceeding and left her absolutely helpless and without any resources or property of any kind. He testified "I took all with the exception of her bed. I left her bed and everything else that goes with it."

The wife it appears was not only left by the conduct of the husband without any means whatever for her care and support being in poor health and in a delicate condition, but she was absolutely dependent upon her parents who were poor and whose father "was most of the time unemployed." The furniture, valued at $4,500, had been replevied and taken by him from the boarding house, and the husband held a second mortgage on the house, for $5,000, in which they lived and the interest on the mortgage had been paid in full to the husband at the date of the taking of testimony in the case.

The award or the amount of an allowance as alimony is largely within the judicial discretion and rests upon all the facts and circumstances of each case having regard "to the husband's income, the estate of the wife, the age and condition of the parties, the disposition and care of the children and the ability of the parties to care for themselves."

In this case we have at the time the order was passed a helpless and destitute young wife, in bad health and approaching the period when she would be confined and would give birth to her first child. She was living apart from her husband whom she alleges refused to contribute anything towards her support, although she was shortly to be confined and in need of medical attention and was without means of support.

The decree for alimony in the case it will be seen was based upon the evidence before the Court and upon the conditions existing at the time at which it was passed. We are not, therefore, prepared to hold, upon the facts and circumstances disclosed by the record, that the amount of temporary alimony

fixed and required to be paid by the husband was such an abuse of "the judicial discretion vested in the Chancellor," as to require us to reverse the order appealed from.

The decree allowing the alimony in this case provides that it shall continue until "the further order of the Court," thereby reserving the right and power to the Court, to change or modify the decree as the conditions or other circumstances may require, either by increasing or diminishing the amount, as the case may demand. 2 *A. & E. Ency. of Law* (2d Ed.) 135; *McSherry* v. *McSherry,* 113 Md. 395; *McCaddin* v. *McCaddin,* 116 Md. 572.

It is clear, therefore, that if the conditions have changed since the order of the 28th of October, 1918, allowing the alimony *pendente lite,* the Court below would be open to such proceedings as the appellant may be advised would be right and proper to be taken for a modification of the decree to an extent that would be sustained by evidence produced at the hearing.

The counsel fee allowed the wife for the defense and prosecution of the suit, we find to be fair and reasonable, under all the circumstances of the case.

As we find no reason for disturbing the decree of the Court below it will be affirmed.

*Decree affirmed, with costs.*