ETHEL H. LANGRALL *vs.* LEROY M. LANGRALL.

*Alimony—Reduction—Change of Circumstances.*

The subsequent remarriage of one who is subject to a decree for the payment of alimony is not such a change in his situation as to entitle him to a reduction of the alimony.          p. 344

The amount of alimony having been fixed by formal decree of court in accordance with a definite agreement of the parties, a change in that determination should not be made except for clearly sufficient reasons.                          p. 345

On an application for the modification of a decree for alimony, the inquiry is directed, not to a review of the original award, but to the possible difference in the circumstances of the parties between the time of the original award and the time of the. application.                            p. 345

On an application to reduce an award of alimony, *held* that the evidence did not show such a decrease in the income of the applicant since the time of the award as to justify a reduction.                              p. 345

*Decided March 5th, 1924.*

Appeal from the Circuit Court of Baltimore City (DUFFY, J.).

Petition by Leroy M. Langrall to reduce the amount of alimony awarded against him in favor of his former wife, Ethel H. Langrall. From an order granting a reduction, said Ethel H. Langrall appeals. Reversed.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, URNER, ADKINS, OFFUTT, and DIGGES, JJ.

*Willis R. Jones,* with whom were *Briscoe, Jones & Martin* on the brief, for the appellant.

*Lawrence S. Kaufman,* for the appellee.

URNER, J., delivered the opinion of the Court.

By a decree of the Circuit Court of Baltimore City, dated April 12, 1921, the appellant and appellee were divorced *a vinculo matrimonii.* This appeal is from an order passed June 19, 1923, reducing the amount of the alimony for which the decree of divorce provided. Before the conclusion of the appellant's suit for the divorce an agreement was signed by the parties to the effect that in the event of the passage of a decree dissolving the marriage, there should be a provision for alimony "at the rate of thirty dollars per week to cease upon the remarriage or death" of the appellant, "the court

retaining jurisdiction to alter the amount of alimony in accordance with the circumstances of the parties." The agreement provided that it was not to be effective unless approved by the court in which the suit was pending. In conformity with the agreement an award of permanent alimony at the rate of thirty dollars per week was made by the decree granting the divorce, the payments to cease upon the remarriage or death of the appellant, and the court retained jurisdiction to change, "in accordance with the circumstances of the parties," the amount of the alimony payments which were decreed. No children were born of the marriage.

The petition of the appellee, in June, 1923, for a reduction of the alimony, alleged that when the decree was passed he was drawing the sum of seventy dollars per week as a member of the firm of Langrall Brothers, but that his drawing account was subsequently fixed at the sum of sixty dollars per week, and it was about to be again reduced to forty-five dollars per week, and that he had remarried and was unable to comply with the decree because of his diminished earnings. It was further stated in the petition that the firm of which the appellee is a member had been operating at a loss for a period of three years, that the appellee had been obliged to hypothecate his life insurance to pay his debts, and that he had no property or assets of any kind other than his interest in the firm of Langrall Brothers. Reference was made in the petition to the fact that the appellee had become in arrears for some weeks in his alimony payments, and had been ordered to appear in court to answer a charge of contempt for failure to comply with the terms of the decree, and the request was made that a modification of the decree be considered at the time appointed for a hearing in the contempt proceeding.

In her answer to the appellee's petition, the appellant denied his allegations as to the state of his finances, and averred that he is the senior member of a firm, consisting of himself and two brothers, which conducts a large and successful canning business under the name of the Baltimore Canning Company, and that the net worth of the business had largely increased during the past five years and was then approxi-

mately one hundred thousand dollars. The answer stated that the remarriage of the appellee was with the co-respondent in the suit in which the appellant obtained her divorce; that the appellant's condition is such that she is unable to engage in any gainful occupation; that she cannot live in keeping with the means and station in life of her former husband on less than the amount of alimony previously allowed, and that she is entitled to have the original award continued.

According to the appellee's testimony at the hearing on his petition, he is the owner of a half interest in two packing house in Baltimore. When the divorce was decreed, in 1921, he had a drawing account of sixty dollars per week, and he was still receiving that amount weekly from the firm when he testified in support of his application to have the decree modified. In addition, he had for several years derived from the business various sums aggregating more than three thousand dollars annually, which he described as loans. Those withdrawals were chargeable against his share of the profits. During the first four months of 1923 his receipts from the firm beyond his salary of sixty dollars per week amounted to more than seven hundred dollars. It was testified that the appellee's father had loaned the firm about fifty thousand dollars during the period of its existence. No payment of principal or interest on this debt had been made or demanded. Apparently it was not included in the firm's financial statements. The income tax reports of the appellee for the years 1920, 1921 and 1922 were produced. They show net losses of $1,778.65, $1,984.47 and $2,679.29 for those years. It was during the period when such losses were being reported that he agreed upon the alimony payments which the decree required. The testimony refers to a financial statement issued by the firm in June, 1922, showing its net worth to be $84,954.23, and to an accompanying letter indicating that the firm's business was profitable, and stating that its sales probably would be more than double the amount of those for 1921, in which year, it was said, the sales were not of the usual volume because of a depression in the canning industry

at that time. The book value of the business, as testified by the appellee and one of his partners, was much less than the appraisement on which their financial statement was based, the former valuation being about eleven thousand dollars on January 1st, 1923. It appears from the evidence that the business which produced the appellee's income was still in active existence, and while he testified that it had been conducted at a loss for several years preceding his petition to have the alimony abated, there was no satisfactory proof that its prospects for the immediate future were unfavorable. One of the appellee's partners testified that the earnings of the business depended upon seasonal conditions. It was not suggested in the testimony, and it could not be assumed, that the depression in the canning industry to which the appellee referred would be permanent. The business of this firm had continued for a period of twelve years and appeared to have ample credit and financial support. During the season following the reduction of the alimony by the court below the business may have been very profitable. The proof does not prevent that supposition. No evidence was offered to verify the statements in the appellee's petition that he was receiving seventy dollars per week from the business at the time of the decree awarding the alimony, and that his weekly salary was about to be reduced to forty-five dollars. It was stated by him in his testimony that he received seventy dollars per week for a period of only seven weeks in 1920, and there is no proof that a reduction of his regular salary of sixty dollars per week was contemplated. It was proposed by the appellee that the alimony be reduced from thirty to fifteen dollars per week as to future payments. The order appealed from provided for a reduction of the alimony to twenty dollars per week.

The question to be determined is whether the present circumstances of the parties are such as to justify the exercise of the court's authority to alter the award of alimony made by the decree of divorce. No change in the situation and needs of the appellant has been proved. The remarriage of

the appellee was not such an occurrence as would entitle him to a reduction of the alimony. The obligation imposed upon him by the decree was not subject to that contingency. *Staton* v. *Staton,* 164 Ky. 688, L. R. A. 1915 F, 820, and note; *State ex rel. Brown* v. *Brown,* 31 Wash. 397, 62 L. R. A. 974 and note; *Kelly* v. *Kelly,* 194 Mich. 94; *Winter* v. *Winter,* 95 Nebr. 335, 50 L. R. A. (N. S.) 697; 1 *R. C. L.* 950; 19 *C. J.* 276; *Schouler on Marriage, Divorce, Separation and Domestic Relations* (6th ed.), vol. 2, p. 1996. It is only upon the ground of the alleged decrease in the appellee's income that the proposed reduction of the alimony should be considered. The amount of the alimony having been fixed by a formal decree of the court in accordance with a definite agreement of the parties, a change in that determination should not be made except for clearly sufficient reasons. Our inquiry is not directed to a review of the original award, but is solely concerned with any difference between the present circumstances of the parties and those which existed when the decree for alimony was passed. It is said in 1 *R. C. L.,* 948, that upon an application to have a decree for alimony modified, "ordinarily, in the absence of fraud in its procurement, the only inquiry is whether sufficient cause has intervened since the decree to authorize or require the court, applying equitable rules and principles, to change the allowance."

Upon the evidence in the record we have been unable to reach the conclusion that the circumstances of the appellee, so far as his ability to pay alimony is concerned, were materially different in June, 1923, from those under which, in 1921, he recommended the alimony award now sought to be abated. The conditions to which he chiefly refers in support of his claim for a reduction of the alimony are described by him as existing continuously from 1920 to 1923. Notwithstanding the firm's losses, which he mentions as having occurred in those years, his receipts from the business amounted in 1921 to $6,100, and in 1922 to $5,300, approximately. The learned judge who passed the order of modification was

not disposed to accept the theory that the sums concurrently withdrawn by the appellee in addition to his salary were merely borrowed. They apparently constituted a part of his income from the business. If his receipts in 1923 were continued on the scale of those proved for the four months prior to the time of the hearing on his pending application, they aggregated about $5,300 for the year. They may, in fact, have largely exceeded that amount. There is no sufficient basis in the evidence for a belief that they would be less in 1923 than they were in 1922, when the alimony payments were made without question. It does not appear that any decrease of income for those years as compared with his receipts in 1921 was other than temporary. The testimony, in our opinion, did not prove that he would be less able in the future than in the past to pay the alimony which his own agreement conceded to be proper.

While we recognize the discretion vested in the lower court in regard to questions of alimony allowances (*Westphal* v. *Westphal*, 132 Md. 334; *Wygodsky* v. *Wygodsky*, 134 Md. 344), we do not find in the record any proof that there has been such a change of circumstances since the alimony was decreed as to enable us to concur in the order under review. As the case is now presented we think the application for a reduction of the alimony should be denied, and we will remand the case for an order to that effect.

*Order reversed with costs, and case remanded.*