LEAH GORDON MILLER *v.* JACOB M. MILLER.
[No. 25, April Term, 1930.]

*Decided May 22nd, 1930.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE and SLOAN, JJ.

*Nathan J. Felsenberg* and *Thomas F. Molloy,* for the appellant.

*Howard A. Sweeten,* with whom were *Harry Miller* and *Weinberg & Sweeten,* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

An application for alimony was denied by the decree to be reviewed on this appeal. The bill of complaint by which relief of that nature was sought by the wife alleged that she had been abandoned and deserted by her husband, but her right to a divorce *a mensa et thoro* upon that ground was not asserted. In the interval of more than two years between the filing of the bill and the date of the decree now appealed from, a suit for the annulment of the marriage was instituted by the husband and proceeded to a trial, which resulted in a decree dismissing the suit and sustaining the validity of the marriage. The suit for alimony was then pressed to a conclusion. The decree denying such relief to the wife appears from the Circuit Court's opinion to have been influenced by a consideration of the circumstances under which the marriage was agreed upon and which the chancellor, who decided both the annulment and alimony cases, regarded as having a prejudicial effect upon the wife's claim of support from her husband, notwithstanding the recognized compatibility of the prenuptial facts with the existence of a valid marriage as formerly adjudicated. It is unnecessary for the purposes of our decision to discuss the evidence adduced in the annulment suit. There was no appeal from the decree by which it was dismissed, and the parties are concluded by that decision. It was an effectual determination that the parties had entered into a valid and binding marital contract. The obligations incident to that relationship are definite and unqualified. It is the essential purpose and express pledge of a marriage that the husband and wife shall live in a state of conjugal union. The law does not concede to either party the right to disregard the important and vital duty thus assumed. It is only for causes specified by statute as adequate that the refusal of one spouse to sustain or continue normal relations with the other will be judicially sanctioned. In this case, there was, in our opinion, no legal justification, because of any circumstances prior or subsequent to the marriage, for the husband's admitted declination to live with his wife. Upon the evidence in the record,

she would have been clearly entitled to a decree for divorce *a mensa et thoro* if her suit had been directed to that form of relief. There is consequently sufficient ground upon which her suit for alimony may be maintained. *Silverberg v. Silverberg*, 149 Md. 682; *Hoffhines v. Hoffhines*, 146 Md. 350; *Mann v. Mann*, 144 Md. 518; *Heinmuller v. Heinmuller*, 133 Md. 494; *Polley v. Polley*, 128 Md. 60; *Outlaw v. Outlaw*, 118 Md. 498.

The refusal of the lower court to award alimony in this case was predicated also on the conclusion that such an allowance would not be justifiable in view of the respective incomes of the husband and wife from the vocations in which they were engaged at the time of their marriage and which they have since pursued. The ability of the husband to provide, and the wife's need to receive, support by way of alimony, are controlling factors in the solution of such a problem. *Westphal v. Westphal*, 132 Md. 330; *Marshall v. Marshall*, 122 Md. 694; *McCaddin v. McCaddin*, 116 Md. 567; *Duckett v. Duckett*, 143 Md. 551-560. But the evidence as to the financial situation of the parties in this case does not enable us to concur in the disallowance of alimony by the decree, as of the time of its passage, and in its implication that the claim may be permanently denied. In our judgment the wife is entitled to a suitable award of alimony and the husband has sufficient pecuniary ability to make such contribution toward her support. The amount of the present or future allowance of alimony should be determined with due regard to the circumstances of the parties, to be ascertained in further proceedings for which the cause will be remanded. Provision should also be made for a fee to the wife's counsel for the trial of the alimony case in addition to that provided for their services in the prosecution of this appeal.

> *Decree reversed with costs, and cause remanded for further proceedings and decree in conformity with this opinion.*