DOROTHY A. MARIANI *v.* THOMAS E. MARIANI, JR.

[No. 20, October Term, 1947.]

*Decided November 14, 1947.*

284

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Leon H. A. Pierson,* with whom were *Edward Pierson* and *Pierson & Pierson* on the brief, for the appellant.

*G. C. A. Anderson,* with whom were *Samuel Abrams* and *Carman, Anderson & Barnes* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

Alleging irreconcilable differences, Dorothy A. Mariani, appellant here, and her husband, Thomas E. Mariani, Jr., appellee, entered into a separation agreement on February 14, 1945. This agreement provided, among other things, in effect, that a property at 4004 Southern Avenue, Baltimore, held by the two parties, should be conveyed to Dorothy A. Mariani and the property at 4605 Eastern Avenue, owned by the parties, should be conveyed to Thomas E. Mariani, Jr. These conveyances were later completed. The agreement also provided that the wife should have the custody of the two minor children. Paragraph (c) and (d) of the agreement which are pertinent here were as follows:

"(c) That he will pay to the said Dorothy A. Mariani the sum of Fifty ($50.00) Dollars per week, payable weekly accounting from the date hereof for the support and maintenance of the said Dorothy A. Mariani (his wife) and his two minor children, until they reach the age of eighteen years when an adjustment will be made so as only to take care of the support and maintenace of the said Dorothy A. Mariani.

"(d)  That he will pay or cause to be paid all necessary charges and expenses incident to and connected with the costs and expenses for the education of the said minor children, in the McDonogh School or some other comparable private school, and such sums as may be necessary to defray necessary medical and dental expenses for the said children.  That he shall also pay the costs of sending the younger of the said children to private nursing school and kindergarten until such time and age as he shall be acceptable for the McDonogh School or some other comparable private school.  These sums are to be paid in addition to the weekly sum hereinbefore provided to be paid to Dorothy A. Mariani."

After this agreement was executed the appellant testified that her husband told her that he was in love with his secretary.  This was not denied by the appellee. Following this statement the appellant filed a bill of complaint in which she alleged the marriage of the parties to this cause; the birth of two children, one aged 10 years and the other five years old; adultery on the part of her husband not condoned; and the desertion of her by her husband.  She alleged that the annual income of the appellee was $25,000 and that the sum of $50 provided in the agreement of February 14, 1945, filed as an exhibit with the bill, was not sufficient for the support of herself and her infant children, and that she was without means to employ counsel and defray the expenses of the suit.  She further alleged that the agreement aforesaid, executed on February 14, 1945, was secured by fraudulent representation on the part of the appellee, and she was imposed upon when she signed this agreement.

She asked in her bill for permanent alimony, custody of the minor children, support for the minor children, alimony *pendente lite,* counsel fee, expenses and costs of the suit, and for other and further relief.

An answer, filed by the husband, denied the material allegations of the bill and set forth the agreement of February 14, 1945, aforesaid, as a defense and asked that

the bill of complaint be dismissed. Testimony in the case was taken before the chancellor. The appellee did not testify in his own behalf and called no witnesses. When called as a witness for the appellant he testified that his gross income for the year, 1946, was $12,892; that his office expenses were about $4,600 for the year, 1946, and these expenses included the salary of his secretary in the amount of $1,469. He did not deny the allegation made by his wife about the separation, and about his statements in reference to his secretary still employed by him.

A decree was signed by the chancellor on the 10th day of February, 1946, declaring the agreement of February 14, 1945, null and void except as to the conveyances of the two parcels of real estate hereinbefore mentioned. The decree further ordered that the appellee pay to the appellant the sum of $30 per week as permanent alimony; that custody of the two minor children be awarded the appellant with the right of the appellee to see them at all reasonable times; that the appellee pay to the appellant the sum of $30 per week for the support of the two minor children; and that he pay her attorneys a counsel fee of $250, and the cost of the suit. From that decree the appellant appeals to this court.

On appeal she contends that the allowances made by the chancellor for permanent alimony and the support of the two minor children are not sufficient. She does not question any other part of the decree.

The appellee first contends that the appellant cannot attack and appeal from the decree and at the same time accept the benefits thereof. He cites as his authority the case of *Silverberg v. Silverberg*, 148 Md. 682, 130 A. 325. In that case Rose Silverberg appealed from only part of the decree and this court held that such appeal involved the twofold error of at the same time splitting the decree and attempting both to accept and reject its terms. In the case at bar the appellant appeals from the whole decree but contends here that only that part of the decree should be reversed which is prejudicial to

her, namely, permanent alimony and support of the children. It could hardly be contended that if a wife files a bill for separate maintenance and support for her children and receives an inadequate amount she could not appeal for the purpose of having the alimony and support increased. We do not think under the authority of the case of *Silverberg v. Silverberg, supra,* that this appeal should be dismissed. The appellant here is entitled to her day in court here on the question of alimony and support for her children. *Wygodsky v. Wygodsky,* 134 Md. 344, 345, 106 A. 698.

The appellant contends that because the husband confessed love for his secretary, the salary which he pays her should not be considered by the court as part of his office expenses. With this contention of the appellant we do not agree. From the testimony it is apparently necessary for the appellee, who is a dentist, to have a secretary or office assistant and her salary is a necessary part of his business expense.

Under the agreement entered into by the parties in 1945 the appellee agreed to pay his wife $50 per week for her support and for the support and maintenance of the two minor children as hereinbefore set forth. He also agreed to pay the cost and expenses of the education of the minor children and necessary medical and dental expenses. From the testimony taken in this case, at the time of hearing, it appears that the older boy was formerly a boarding student at McDonogh School but is now a day student there and lives with his mother who must pay for his maintenance. The younger child is being sent to public school until he reaches the age of six years when he will also be sent to McDonogh. The appellee is paying the tuition for the older child, but, of course, the mother provides his maintenance. The father testified that during 1946, after the separation agreement was executed, he paid for the children's expenses the sum of $1,500. Under the decree of the chancellor the appellee is required to pay $30 to his wife as permanent alimony and $30 for the support of the

two children making a total of $60 per week or a total of $3,120 a year. Under the agreement of February 14, 1945, the husband agreed to pay $50 a week for the support and maintenance of his wife and children and their educational expenses which he says amounted in 1946 to $1,500. Therefore under the agreement he would have been required to pay $4,100 for the support of his wife and his children and the cost and expenses of their education. It is therefore apparent that the appellee is paying $980 less per year under the decree than under the agreement.

By appellee's own testimony his gross income in 1946 was $12,892 and his office expenses about $4,600 which would make a net income for the year, prior to the payment of Federal Income Tax, $8,292. Deducting therefrom a Federal Income Tax of $978.80 he had a net yearly income of $7,313.20 or a net income of approximately $140 a week.

In a case of this kind the court, before determining the amount of alimony and the amount to be awarded the wife for the support of the minor children, should take into consideration the financial circumstances of the parties, their age and physical condition and ability to work, the age of the children, the expense of educating the children, and the station in life of the parties. *Wygodsky v. Wygodsky, supra,* 134 Md. at page 347, 106 A. 698; *Roberts v. Roberts,* 160 Md. 513, 521, 154 A. 95; *Timanus v. Timanus,* 178 Md. 640, 642, 643, 16 A 2d 918.

The husband does not dispute the fact that alimony and support should be awarded. The only question to be decided is the amount of the payments. There is nothing in the testimony to deny the allegation of the wife that she is without means of her own, nor is there anything to show that she is able to earn any income. The husband testified that his income in 1946 was much lower than in previous years because he worked shorter hours, due to the condition of his health and to increased competition. There is no reason to believe that his income will be further reduced. From the station in

life of the parties and from their executed agreement it appears that the children were to be educated in private schools. Taking all of these factors into consideration this court is of opinion that the decree of the chancellor in this case should be affirmed except that the appellee should be required to pay to the appellant the sum of $50 per week accounting from February 7, 1947, for the support of the said minor children, Thomas E. Mariani and Richard Mariani, instead of $30 per week as decreed by the chancellor.

It has been frequently stated by this court that the award of the chancellor in cases of this kind should not be disturbed unless his discretion was arbitrarily used and his judgment clearly wrong or unless there has been error in respect to the amount named. *Westphal v. Westphal*, 132 Md. 330, 103 A. 846; *Wygodsky v. Wygodsky, supra,* 134 Md. at page 345, 106 A. 698; *Langrall v. Langrall,* 145 Md. 340, 346, 125 A. 695, 37 A. L. R. 437; *Miller v. Miller,* 159 Md. 204, 206, 150 A. 451; *Collins v. Collins,* 184 Md. 655, 664, 42 A. 2d 680.

We believe in this case that the learned chancellor overlooked the fact that in the agreement the appellee agreed to pay $50 per week for the support of his wife and the minor children and to also pay for the children's education, dentists' and doctors' bills, all of which according to the testimony amounted in 1946 to $4,100 a year. Under the decree he is relieved of the duty of providing for the education of the children, their medical and dental expenses, and required to pay only $60 per week or $3,120 a year for the support and maintenance of his wife and children. This allowance is $980 less than the amount the husband was willing to pay in 1945, and was willing to pay when he asked that the bill of complaint of the wife be dismissed and set up the agreement of February 14, 1945, as a defense to the case at bar. We do not feel that the wife and children should be compelled to accept less than the amount agreed upon by the husband and that the award of $50 per week for the support and maintenance of the children is proper in

290

this case, subject to further order of the court. The total payment required under this opinion is only $60 a year more than the husband agreed to pay.

> *Decree affirmed in part and reversed in part, and cause remanded for passage of a decree in conformity with this opinion, costs to be paid by the appellee.*