MOORE *v.* MOORE

[No. 44, September Term, 1958.]

*Decided November 18, 1958.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Arthur J. Hilland* for the appellant.

*Ralph W. Powers,* with whom was *Blair H. Smith* on the brief, for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

This is one of the rare appeals from an award of alimony *pendente lite.* The appellant-wife was awarded $100 per week, as temporary alimony by Judge Marbury in June of 1956. Upon a petition to reduce this award upon the ground of changed circumstances, Judge Dorsey, in March of 1958, reduced the same to eighty dollars per week, and the wife has appealed.

I

The appellant first contends that the husband was not entitled to a rehearing on the question of the amount of temporary alimony because he had not prosecuted his suit, but the failure to prosecute the suit to a final conclusion is no reason to deny a petition for the reduction of the alimony, if changed circumstances warrant the same. If the wife objects to the delay in bringing the suit to a close, she has the simple remedy of laying the husband under a rule further proceedings.

II

The appellant also claims that the chancellor, as one Circuit Court Judge, had no power or authority "to review" and modify another Circuit Court judge's order *pendente lite;* and, if a Circuit Court judge does have such power, the chancellor, in this case, erred; because there was no showing of "exceptional circumstances warranting the exercise of such power." The short answer to the above is that Judge Dorsey, in this case, did not "review" the decree passed by Judge Marbury; he specifically recognized Judge Marbury's award as reasonable at the time it was granted and considered only the circumstances that had changed since the date of Judge Marbury's decree. This is the accepted and general practice in this State, and in modifying the amount of the previous award, Judge Dorsey did no more than what is a daily occurrence in Maryland procedure.[1] See cases cited below.

---

1. For the power, authority and jurisdiction of the Circuit Courts, see sections 20 and 21 of Article IV, Maryland Constitution, and Maryland Rule 71.

### III

The main contention of the wife is that the evidence adduced below did not justify the chancellor in reducing the alimony from $100, per week, to eighty dollars. As stated above, the testimony was limited to the change in circumstances of the parties from the time of the first award until the hearing on the petition to reduce the alimony. In this, the chancellor was correct. *Wygodsky v. Wygodsky,* 134 Md. 344, 348, 106 A. 698; *Langrall v. Langrall,* 145 Md. 340, 345, 125 A. 695. Cf. *Slacum v. Slacum,* 158 Md. 107, 111, 148 A. 226.

This evidence, briefly summarized, discloses that the family consists of the husband and wife and a twelve year old daughter. The wife and daughter live in the home owned by the husband and wife as tenants by the entireties; the husband rents an apartment. He had a gross income in 1957 of approximately $21,000. His principal income is derived from his professional practice of patent law, which entails considerable expense from that income. His adjusted gross income for that year, as calculated by a certified public accountant, was $8,334.41, which, after the payment of alimony, taxes and medical expenses, left him only about $1,500 for his own subsistence, according to the accountant's figures. The husband had a small increase in his net income after the former decree and had been relieved of the burden of paying expenses for his ill mother, but had suffered a substantial depletion in his net worth: some $13,000 out of a total of approximately $40,000. The chancellor found that the demands of the wife for her living expenses were reasonable, and also found that the expenditures of the husband were reasonable, but there was insufficient income to meet these demands; and, by reducing the alimony to eighty dollars, per week, there would be a reduction in the annual depletion of the husband's worth. In awarding alimony, the chancellor should consider all of the circumstances surrounding the parties, and we have stated that among the factors to be considered are the following: the husband's wealth and earning capacity, the station in life of the parties, their physical condition and ability to work, and the length of time they have lived together. *Newmeyer*

*v. Newmeyer,* 216 Md. 431, 434, 140 A. 2d 892. The award of temporary alimony is left to the sound discretion of the chancellor upon a consideration of the circumstances in each particular case; and, while it is always reviewable upon appeal, the large discretion vested in the chancellor should not be disturbed unless this Court is thoroughly satisfied that there has been a mistake in respect to the amount awarded. *Mulhall v. Mulhall,* 120 Md. 22, 26, 87 A. 490; *Westphal v. Westphal,* 132 Md. 330, 334, 335, 103 A. 846; *Spellman v. Spellman,* 169 Md. 700, 182 A. 342. From what has been said above, we are unable to say that we are thoroughly satisfied the chancellor erred.

## IV

The appellant further complains that the chancellor refused to admit certain testimony offered in her behalf, when she was interrogated as to statements made by the husband at the original hearing concerning the amounts of his income and expenses at the time of said hearing. (There was no transcript made of the testimony at the original hearing.) When the chancellor refused to admit this testimony, counsel for the wife made proffers of what the witness' answers would be. If we assume, without deciding, that the chancellor should have permitted the questions to be answered, we do not consider it prejudicial error, for the answers, according to the proffers, would not alter our decision herein.

*Decree affirmed, appellee to pay the costs.*