GOSNELL *v.* GOSNELL

[No. 6, October Term, 1955.]

(Two Appeals In One Record.)

*Decided November 7, 1955.*

180

The cause was argued before BRUNE, C. J., and DELA-
PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Murray MacNabb,* for appellant.

Submitted on brief by *Harry O. Levin,* for appellee.

BRUNE, C. J., delivered the opinion of the Court.

The appellant brought suit in the Circuit Court of Baltimore City for a divorce *a mensa* from her husband, the appellee, and for alimony and counsel fees. She was granted a divorce as prayed, and the Chancellor's decree also awarded her permanent alimony of $20.00 a week and ordered the husband to pay a counsel fee of $150 to the solicitor for the appellant. Being dissatisfied with the amount of alimony awarded, the appellant entered an appeal from that decree. She then filed a petition seeking an allowance to cover costs of the appeal, including the cost of printing her brief, and a fee for the services of her counsel on the appeal. The Chancellor ordered the husband to pay the sum of $100 as the estimated cost of the appeal, but made no allowance for a counsel fee. The appellant appealed from that order also, both on account of the alleged inadequacy of the allowance for costs and on account of the denial of any counsel fee to her solicitor for his services on appeal. The actual costs, we are informed, have exceeded the estimated $100.

No novel questions of law are presented, and the facts seem relatively clear and uncomplicated.

The marriage was the third one for the husband. His eighteen year old son, who was the child of his second wife and who was unemployed and lived with his father and stepmother, seems to have been one cause of friction between the parties; but there seem to have been others as well. The husband eventually locked the wife out of the home. The Chancellor found that he was not warranted in so doing and granted a divorce *a mensa* to the wife. She was forced to seek lodging and board elsewhere and was taken into the home of a friend, where she continued to reside at the time of the trial. In return for her board and lodging, she did some work around the house and valued the services which she rendered at about $15 per week.

The husband is employed by a railroad company as a diesel locomotive engineer. His earnings (before taxes and other deductions) in 1953 were approximately $135 a week, in 1954 approximately $107, and in the first weeks of 1955 approximately $100. The wife is wholly without means of her own, and has used up what savings she had at the time of her marriage. It also appears that while the parties were living together the husband did make some substantial expenditures for medical and hospital care for the wife.

It would serve no useful purpose, we think, to review all of the various items which the husband seems to have claimed should be treated as deductions before arriving at the amount of his income which should be taken into account in fixing the amount of alimony to be awarded. After considering all of them (including mortgage payments on the appellee's home which must operate to a considerable extent as gifts to his son, to whom the appellee conveyed the property, subject merely to a life estate which he reserved), we are of the opinion that the award of alimony to the wife was inadequate in relation to the husband's earnings and the wife's needs.

The law applicable to orders or decrees making awards of alimony and granting or denying allowances of counsel fees in divorce or alimony proceedings and to our review of such orders or decrees has been frequently stated and restated. Among the recent cases are: *Saltzgaver v. Saltzgaver,* 182 Md. 624, 35 A. 2d 810; *Dougherty v. Dougherty,* 187 Md. 21, 48 A. 2d 451; *Mariani v. Mariani,* 189 Md. 283, 55 A. 2d 713; *Brown v. Brown,* 204 Md. 197, 103 A. 2d 856; *Lopez v. Lopez,* 206 Md. 509, 112 A. 2d 466; *Frank v. Frank,* 207 Md. 124, 113 A. 2d 411. The rule as recently restated in the *Lopez* case is that: "The ability of the husband to provide support and the wife's need for it are controlling factors. The amount to be allowed is governed by all the circumstances of the case and is in the sound discretion of the chancellor. The Court of Appeals has the right to review the amount of alimony allowed, but the award should not be disturbed unless the chancellor's discretion was arbitrarily used or his judgment was clearly wrong."

We are of the opinion that the amount of permanent alimony awarded by the first decree was clearly inadequate and hence that that decree should be modified so as to allow the wife $30.00 a week as permanent alimony.

Under the decision in the *Saltzgaver* case, *supra,* which in turn relies upon and quotes from *Daiger v. Daiger,* 154 Md. 501, 140 A. 717, it well established that "In this state it is no longer open to question * * * that a wife in a divorce proceeding is a privileged suitor where she is living apart from her husband and has no independent means of her own, and as such she is entitled to alimony, suit money, and reasonable counsel fees, * * * [and] also the costs incident to the record on appeal, and reasonable counsel fees in the prosecution thereof."

The event has shown that the actual costs of this appeal have exceeded the allowance made by the trial court, and no allowance whatever was made for any counsel fee to the solicitor for appellant for his services on the wife's appeal to this Court. We think that the second order involved in this appeal was erroneous in each of these mat-

ters and that the full costs of the appeal and a counsel fee of $150 to the appellant's solicitor should have been allowed.

In accordance with the views above expressed, the decree of February 14, 1955, must be modified so as to increase the allowance of permanent alimony to $30 per week and the order of April 4, 1955, must be reversed, with directions to allow the full amount of costs of appeal and a counsel fee of $150 to the appellant's solicitor.

> *Decree as to amount of permanent alimony modified and order as to costs and counsel fee on appeal reversed, with costs to the appellant, and case remanded for further proceedings in conformity with the opinion herein.*