# WILLIAM D. BOWERS

*vs.*

# RUTH H. BOWERS.

*Res Judicata—Divorce—Allowance for Support of Child.*

A decree of divorce which requires defendant to pay a weekly allowance to plaintiff for the support of their infant child, subject to any further order of the court as to the amount and terms of such allowance, is conclusive as to defendant's obligation to contribute to the suport of the child, and defendant cannot, on a subsequent petition to increase the allowance, assert that by the terms of an agreement between the parties, executed before the divorce, he was free from any obligation as to the child's support.                                    p. 456

The plea of *res judicata* ordinarily applies, not only to the points upon which the court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belongs to the subject of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time.                                    p. 457

*Decided December 10th, 1919.*

Appeal from the Circuit Court for Frederick County, In Equity (URNER, J.).

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, STOCKBRIDGE and ADKINS, JJ.

*Leo Weinberg,* with whom was *William M. Storm* on the brief, for the appellant.

*Jacob Rohrbach,* for the appellee.

Burke, J., delivered the opinion of the Court.

The parties to this appeal were married in July, 1916, and separated a short time thereafter. One child was born,—a girl named Dorothy Bowers. After the separation the husband, the appellant on this record, brought suit against Mrs. Nannie E. Helfenstein, the mother of the appellee, to recover damages for the alienation of his wife's affections. The trial resulted in a verdict for the plaintiff for five thousand dollars. Pending a motion for a new trial, a settlement of the litigation was made. The terms and conditions of the settlement are embodied in an agreement under seal, dated the 8th day of May, 1917, and signed by the appellant and his wife, and Nannie E. Helfenstein, the defendant in the alienation suit. The following is one of the provisions of the agreement:

"And the said Ruth Helfenstein Bowers does hereby forever release and exonerate and discharge the said William D. Bowers from all claim, liability, or demand, either at law or in equity, against him the said William D. Bowers, her husband, for or on account of the support, maintenance or any allowance for said support or maintenance, of herself and her said infant child, born of said marriage, hereby obligating herself to support and maintain said infant child, and the said Ruth Helfenstein Bowers further agrees that she will not hereafter bring any suit or institute any proceedings of any kind to compel the said William D. Bowers, to pay, support, maintenance or alimony either for the support of herself or said infant child."

On the 26th of October, 1917,—a little over five months after the execution of the agreement,—Mrs. Bowers filed a bill for divorce in the Circuit Court for Frederick County against her husband charging him with adultery. An answer was filed, testimony taken, and in due course the case came on for final hearing. The husband did not file the agreement in the case, but it was submitted to the Court and considered by the Court. On the 21st day of March, 1918, the Court passed a decree by which the wife, Ruth Helfenstein Bowers,

was divorced *a vinculo matrimonii* from William D. Bowers, the husband, and it further

> "ordered and decreed that the said William D. Bowers, the defendant, will pay unto the plaintiff, Ruth Helfenstein Bowers, a weekly allowance of two and a half dollars to be computed from the 21st day of March, 1918, and payable thereafter monthly, for the support and maintenance of the infant child of the plaintiff and defendant, and subject to the further order of the Court as to the amount and terms of such allowance."

No appeal was taken from that decree.

On the 14th of April, 1919, Mrs. Bowers filed a petition in the case in which, after stating that she continued to have the custody and maintenance of the infant child (which had been awarded her under the decree of March 21, 1917), and for whose support her husband had been directed to pay her the sum specified in the decree for the support of the child, alleged:

> "That the sum of two dollars and fifty cents per week is not sufficient for the maintenance and support of said infant, and your petitioner is obliged to expend a larger sum of money for its support each week, without any assistance from William D. Bowers, the father of said infant.
>
> "Wherefore your petitioner prays that your Honors will pass the order of your Honorable Court directing the said William D. Bowers to pay unto your petitioner as the mother and custodian of said infant a sum of money not less than five dollars per week for its maintenance and support."

The appellant answered the petition and set up: *First,* the agreement of May 8th, 1917, above mentioned, as a bar to the relief prayed; and, *second,* that he was not financially able to pay an additional sum for the support of his child; and *thirdly,* that the Court was without jurisdiction in the premises.

The Court on the 21st of August, 1919, after hearing, ordered and decreed,

> "that in addition to the sum of two dollars and a half
> per week payable by the defendant to the plaintiff under
> the decree passed in this case on March 21st, 1918,
> subject to the further order of the court, for the sup-
> port and maintenance of their infant child, the defend-
> ant shall pay to the plaintiff the sum of one dollar and
> a half per week, making a total of four dollars per
> week, for that purpose, which shall be payable monthly
> accounting from the date of this order, subject to the
> further order of the Court as to the amount and terms
> of such payment."

The appeal before us was taken by the husband from that decree.

The decree of March 21, 1918, established the obligation of the appellant to contribute to the support of his infant child. It fixed a certain sum which he should pay for that purpose and it reserved the power in the Court either to increase or diminish that amount. It settled the rights and obligations of the parties with respect to the support of their infant child.

If the agreement was a legal exoneration of the appellant's obligation, it should have been interposed and relied upon in that case, and it is now too late to raise that question. The agreement was before the Court and was considered by it at the time the original decree was passed, and even if the Court erred in its judgment that it was not a bar to the claim made by the wife, that error should have been corrected by an appeal to this Court. The question here raised is *res adjudicata*. The Supreme Court of the United States in *Beloit* v. *Morgan*, 7 Wallace, 622, speaking of the principle of *res adjudicata*, said: "It extends not only to questions of fact and of law, which were decided in the former suit, but also to the grounds of recovery or defense which might have been but were not presented." And in the same case the Court

quotes with approval the language of the VICE CHANCELLOR in *Henderson* v. *Henderson,* 3 Hare, 115, as follows: "In trying this question, I believe I state the rule of the Court correctly that where a given matter becomes the subject of litigation in, and of adjudication by, a Court of competent jurisdiction, the Court requires the parties to bring forward their whole case, and will not, except under special circumstances, permit the same parties to open the same subject of litigation in respect of a matter which might have been brought forward as a part of the subject in contest, but which was not brought forward only because they have, from negligence, inadvertence, or even accident, omitted a part of their case. The plea of *res adjudicata* applies, except in special cases, not only to the points upon which the Court was required by the the parties to form an opinion and pronounce a judgment, but to every point which properly belongs to the subject of litigation, and which the parties, exercising reasonable diligence might have brought forward at the time." See also *Trayhern* v. *Colburn,* 66 Md. 277; *Archer* v. *State,* 74 Md. 410; *Barrick* v. *Horner,* 78 Md. 253; *Albert* v. *Hamilton,* 76 Md. 304.

For the reasons stated the decree appealed from will be affirmed.

*Decree affirmed, with costs.*