ELIZABETH C. SLACUM *v.* MAJOR C. SLACUM.
[No. 37, October Term, 1929.]

*Decided January 7th, 1930.*

108

The cause was submitted on briefs to BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*J. Gorman Hill, V. Calvin Trice,* and *Le Roy L. Wallace,* for the appellant.

*Wm. N. Andrews,* for the appellee.

PARKE, J., delivered the opinion of the Court.

On August 24th, 1927, Elizabeth C. Slacum began a suit against Major C. Slacum for an absolute divorce and alimony. After the parties were at issue, they entered into a contract under seal whereby the spouses duly agreed that in the event a divorce *a vinculo matrimonii* were decreed, the husband would simultaneously therewith, and subject to the approval of the court, pay to the wife, in lieu of both temporary and permanent alimony, the sum of $7,000; convey to her their residence in fee simple, and deliver to her the furniture therein, and, further, that the husband would consent to the care and custody of their infant son, aged twelve, being awarded the mother, and would pay her thirty dollars a month for the son's maintenance until the son became self-supporting. The testimony fully established the wife's right to relief, and, on September 19th, 1927, a decree was passed granting her an absolute divorce. In the second paragraph of the decree, the court committed the care and custody of the infant to the mother, and ordered and adjudged that the father pay to the mother the monthly sum of thirty dollars for the son's maintenance until he became self-supporting, which was in accordance with the provisions of the agreement, except that the chancellor made both the cus-

tody and the contribution to the child's maintenance subject to being otherwise ordered by the court.

In the third paragraph of the decree, the husband is ordered and decreed to·pay, convey and deliver to his wife the money, realty, and personal property specified in the agreement, in lieu of both temporary and permanent alimony, as provided in the agreement, but without any reservation by the court of the right at any later time to modify its decree with respect to alimony. *Dickey v. Dickey,* 154 Md. 675; *Emerson v. Emerson,* 120 Md. 584; *Bushman v. Bushman,* 157 Md. 166; *Neubold v. Neubold,* 133 Md. 170.

The defendant fully complied with the requirements of the third paragraph of the decree; and also made the monthly payments for the support of the infant child until April 1st, 1928, when he stopped. On April 14th, 1928, he filed a petition to have the stipend reduced on the ground of his inability to pay. He was adjudicated a bankrupt on May 2nd, 1928, and in the following August obtained his discharge in bankruptcy. His petition for the decrease was answered by his former wife, and the matter was delayed until, on November 5th, 1928, she filed a petition reciting his continued default and praying that he might be adjudged in contempt. The husband then showed cause why he should not be so held, and, on December 27th, 1928, the parties took testimony before an examiner in equity to sustain their respective contentions on the issues of fact raised by the pleadings. The chancellor adjudged, on the proceedings and the testimony, that the defendant was not in contempt, but that the monthly payment for the maintenance of the infant should be reduced to fifteen dollars a month, accounting from the first day of April, 1928. The pending appeal is from the decree making this ·reduction, on the ground that the chancellor had not the power to modify the decree by reducing the amount upon which the parties had previously agreed, and the court had thereupon adjudged, should be paid to the mother for the maintenance of the child, and, sec-

ondly, that if the chancellor had the power, the circumstances did not justify a reduction.

1. The argument of the mother is refuted by the fact that any obligation to perform the several stipulations of the agreement between the mother and father was explicitly conditioned upon the subsequent approval of the chancellor; and that the decree, while incorporating the provisions of the agreement with respect to the infant, nevertheless did not approve of the provisions as agreed by the parties in this connection, since the chancellor explicitly provided an additional decretal limitation that the continued operation of these contractual provisions were subject to their being "otherwise ordered by this court."

In making this reservation the able and experienced chancellor, John R. Pattison, C. J., did not give his approval to the terms submitted to him by the agreement of the parties, but acted in accordance with the jurisdiction conferred by statute "to order and direct who shall have the guardianship and custody of the children, and be charged with their support and maintenance, and may at any time thereafter annul, vary or modify such order in relation to the children." Code, art. 16, sec. 39. The provisions of the chancellor's decree with respect to the custody and maintenance of the infant are, therefore, not contractual in nature, but must be taken as an adjudication by the chancellor in the exercise of his statutory jurisdiction; and the decree is *res judicata* with respect to these matters and conclusive upon both husband and wife so far as concerned their rights and obligations at the time of the passage of the decree. But the conditions which determine the custody and care of the infant and the amount necessary for its maintenance are not fixed, and may change from time to time, and, so, from considerations of policy and the welfare of the infant, a material alteration in the substantial circumstances will take the particular provisions of the decree with reference to the custody and maintenance of the infant out of the rule of *res judicata* and authorize a change, from time to time, of the decree in these

respects. *Freeman on Judgments,* secs. 830, 911, 1448, 1449; *Bowers v. Bowers,* 135 Md. 453, 455-456; *Pangle v. Pangle,* 134 Md. 166, 169; *Wygodsky v. Wygodsky,* 134 Md. 344, 348; 2 *Bishop, Marriage and Divorce,* secs. 875-877, 1020, 1160-1161, 1187-1188, 1194, 1212, 1218; *Schouler on Marriage, etc.* (6th Ed.), sec. 1915; *Langrall v. Langrall,* 145 Md. 340, 344, 345; *Melson v. Melson,* 151 Md. 196, 200, 206-207; *Hood v. Hood,* 138 Md. 355.

The decisions in *Emerson v. Emerson,* 120 Md. 584; *Neubold v. Neubold,* 133 Md. 170; *Dickey v. Dickey,* 154 Md. 675, and *Bushman v. Bushman,* 157 Md. 166, are not applicable here, since the question determined in every one of these cases is not under consideration in the instant case.

2. The power of the court to vary the amount allotted to the wife for the support of the infant should not be exercised except when clearly indicated by a change in the circumstances, needs, and pecuniary condition of the parties. *Langrall v. Langrall,* 145 Md.340, 344, 345.

The testimony taken in this cause meets these prerequisites for a reduction in amount of the money awarded for the maintenance of the child. The father apparently had no accurate knowledge of his financial situation when the decree was signed. On September 19th, 1927, the husband paid his wife the sum of $7,000, and granted and delivered to her an unincumbered fee simple title to their residence, with all its furniture, in lieu of both temporary and permanent alimony. The transfer of property of this value as alimony was upon the assumption of the husband's sound financial position, yet on May 2nd, 1928, he was adjudicated a bankrupt and obtained his discharge in August of that year. His present average income does not appear, but, when the testimony was given in December, 1928, it was not $100 a month. Out of this amount the husband must support himself. It is evident that the faculties of the husband have materially been diminished since the date of the decree by his financial reverses, and that he was entitled to a reduction, since there is no evidence that the losses happened by a lack of good

faith in the husband. The interest of the child does not lie in crippling the father when struggling to restore his earning capacity and fortune, so the rate should be practical. The court is satisfied that, under the particular circumstances of this case, the chancellor's decree should not be disturbed. *Wygodsky v. Wygodsky,* 134 Md. 344, 348.

*Decree affirmed, with costs.*