WARREN *v.* WARREN

[No. 41, September Term, 1958.]

*Decided November 18, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Joseph Loeffler,* with whom were *Benjamin Unger* and
*Harry E. Goertz* on the brief, for appellant.

*Robert J. Gerstung,* with whom was *Howard A. Sweeten*
on the brief, for appellee.

BRUNE, C. J., delivered the opinion of the Court.

The appellee wife was granted a decree of divorce *a vinculo
matrimonii* on August 13, 1956, on the ground of adultery
against the appellant husband. The appellant was required,
by stipulation incorporated in the divorce decree and subject
to the further order of the Court, to pay to the appellee the
sum of twenty-five dollars a week as permanent alimony and
fifteen dollars a week for the support of their minor child.
This is an appeal from an order passed on February 28, 1958,
dismissing appellant's petition for modification of the alimony
and support portions of the decree.

One month after the divorce, the appellant married the
co-respondent, who was then pregnant with his child, and
since that time they have had a second child. It is conceded
that the appellant's income is substantially the same now as
it was when the alimony and support payments were orig-

inally agreed to and incorporated in the decree. This appeal therefore raises, first, the issue of whether his remarriage and the birth of two children in and of themselves constituted such a change of circumstances as to justify a modification of the decree, and, secondly, whether the trial court abused its discretion in refusing to allow evidence to be introduced to show the various demands presently being made upon appellant's income. We will consider these questions in the order mentioned.

It is not within the province of this Court, in considering a petition for modification, to review the propriety or sufficiency of the original award. Our inquiry is limited to determining whether or not the Chancellor was clearly in error in finding that the appellant has shown no such change in the circumstances of the parties since the alimony and support decree as would warrant its reduction. *Langrall v. Langrall*, 145 Md. 340, 345, 125 A. 695.

The appellant admitted that his income has remained substantially the same since the divorce, and he offered no evidence to controvert the appellee's contention that a reduction in payments would work a hardship upon her and the infant child of the parties. He alleged that "circumstances have now arisen which render it impossible without great injury to himself and to those to whom he owes a natural and legal obligation to continue payments in this sum"; but the only "circumstances" he showed were his second marriage and the birth of two children.

In the *Langrall* case, *supra,* as in this case, there was an agreement to pay alimony which was incorporated in the decree. It was there held (145 Md. 344) that: "The remarriage of the appellee was not such an occurrence as would entitle him to a reduction of the alimony. The obligation imposed upon him by the decree was not subject to that contingency * * *." The opinion does not indicate whether the appellee in that case had any children by his second marriage, and does not consider what effect, if any, the birth of children as a result of the second marriage would have. There was no child of the first marriage.

In *Marshall v. Marshall,* 164 Md. 107, 114, 163 A. 874,

it was held that the fact that the husband had assumed other marital and *parental* obligations was not an adequate ground for exempting him from his decreed liability. (Emphasis supplied.) The *Langrall* case was cited in support of this holding, but it should be noted that the payments which the husband had agreed to make in the *Marshall* case, though incorporated in the decree, were held not to constitute alimony.

The appellant contends that the *Langrall* case is inapplicable because the decision therein "rested upon an agreement between the parties while in this case the sum allowed to the wife in the decree is alimony in the legal sense and that amount and the amount allowed for the support of the child are both subject to the further control of the court." It is true that *Marshall v. Marshall, supra,* and *Emerson v. Emerson,* 120 Md. 584, 87 A. 1033, which he also distinguishes on this ground, dealt with petitions for modification of what was held in those cases not to be alimony; but in the *Langrall* case it was clearly held that the portion of the decree which incorporated the agreement between the parties did constitute a decree for alimony. The Court in that case treated the agreement as having been merged in the decree and in fact spoke of "the obligation imposed upon him *by the decree.*" (Emphasis supplied.) Subsequently this Court said in *Knabe v. Knabe,* 176 Md. 606, 613, 6 A. 2d 366, "* * *, and in any event, whether the agreement is or is not incorporated in the decree, the provisions of the decree and not those of the agreement conclusively establish the nature of the allowance (*Emerson v. Emerson,* 120 Md. 584, 596, 87 A. 1033), and if the allowance in the decree falls within the definition of alimony, even though it is founded on an agreement, the court has the same power to enforce it which it would have had had there been no agreement. *Id.,* 120 Md. page 597, 87 A. 1033."

The appellant cites a long list of cases in other jurisdictions in which remarriage and the birth of children were factors which were taken into consideration in determining whether or not a modification of the decree should be granted. He admits, however, that in none of these cases did the court hold that remarriage and the birth of children in and of them-

selves entitled the former husband to any relief from the payment of alimony.

The appellant refers to what he calls the "humanitarian doctrine" expressed by the Supreme Court of Nebraska in *Young v. Young*, 138 Neb. 294, 292 N. W. 923, 927, as follows: "The court cannot ignore the defendant's duty to his second wife, who is sickly and in need of medical assistance, and there is the daughter, now 12 years of age, who needs support and schooling. * * * The present earnings of the defendant are not sufficient to keep up either home as it should be maintained, yet his present earnings must be parceled out in an equitable manner to meet the situation." The evidence in that case showed that since the original alimony decree the husband had suffered a series of financial set-backs which reduced his earnings below the figure which that decree had required him to pay. Furthermore, his two sons by his first marriage had since grown to maturity and both were employed.

In *Newburn v. Newburn*, 210 Iowa 639, 231 N. W. 389, 391, the court said: "Perhaps a case might arise in which the facts and circumstances shown in favor of the husband against whom a judgment for alimony exists, would make proper a consideration of his remarriage, in the adjustment of equities on an application to modify the decree." However, the very next sentence of the opinion reads: "There is some diversity in the holding of courts in other jurisdictions upon this question. All, however, agree that the remarriage of the husband, together with the obligations thereby assumed, will not alone present such change in the circumstances of the parties as to justify a modification of the decree."

We conclude, in accordance with the *Langrall* case and the interpretation placed upon it in the *Marshall* case, that in the absence of changed financial or other conditions affecting one or the other or both of the former spouses or their child, the remarriage of the husband and the birth of a child or children to him and his new wife are not sufficient cause for the reduction of alimony to the first wife or of support for a minor child of the first marriage.

The appellant urges, however, that the trial judge erred in

refusing to allow him to introduce evidence "to show from the factual standpoint what this man's financial position is." The court declined to admit such testimony, and counsel then made a proffer of evidence in which he itemized appellant's expenses and compared their total to his "take-home" pay. In view of what we have said above, and in view of the fact that the proffer showed no substantial change in the appellant's financial position, we agree with the learned trial judge that even if all of the facts proffered were proven the appellant would fail to present a sufficient reason for a reduction in alimony. It was therefore proper not to admit such testimony.

The appellant now contends that if he had been allowed to present all his evidence he might have been able to prove to the court's satisfaction that the appellee either had other sources of income or would have been able to earn additional income by working. No such facts were alleged in appellant's petition. His pleadings stated only that payment to appellee and her child could be reduced "without grave injury to them." There are authorities which hold that a party seeking modification of an alimony award must set forth in his pleadings such facts and circumstances as will, if established by proof, entitle him to the relief he desires and that mere claims and conclusions stated in general terms are insufficient. See *Boger v. Boger,* 86 W. Va. 590, 104 S. E. 49, cited in Keezer, *Marriage and Divorce,* Sec. 657 (3rd Ed. 1946) ; *Nield v. Nield,* 126 W. Va. 430, 28 S. E. 2d 825. We do not, however, reach that question, since the appellant made no effort or proffer of evidence whatsoever in the trial court to support any such contentions. Therefore this matter is not properly before us for consideration on appeal. Maryland Rule 885.

*Order affirmed, with costs.*