STANSBURY *v.* STANSBURY

[No. 61, September Term, 1960.]

(Two Appeals In One Record)

*Decided November 14, 1960.*

*Motion for rehearing filed December 2, 1960, denied December 9, 1960, and opinion modified.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Charles G. Page,* with whom were *White, Page & Lentz*
on the brief, for appellant.

*Charles D. Harris,* with whom were *Joseph M. Roulhac* and
*France, Rouzer, Mundy & Harris* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

This appeal is concerned with an oft recurring phase of the
war of the sexes—the primeval struggle for division of the
husband's financial productivity after the couple have sepa-
rated.

When the husband, the appellee, deserted his wife, the ap-
pellant, he agreed to pay her $100.00 a week. Temporary ali-
mony was set at $75.00 a week when her bill for divorce was
filed, and on June 25, 1959, Judge Niles granted her an *a
mensa* divorce and awarded permanent alimony of $125.00 a
week. An appeal was noted on July 2, and the time for filing
the record in this Court later was extended to September 28.
Just before this deadline, the husband employed a new lawyer
who dismissed the appeal and filed a petition for modification
of the decree of June 25, alleging "a drastic change" in the
financial condition of both the husband and the wife.

The matter came on for hearing before Judge Cullen, who
in an ordinary course of rotation of the members of the Su-
preme Bench had succeeded Judge Niles in the equity court.
Judge Cullen estimated the husband's income from his busi-

ness at $10,000 a year instead of the $20,000 which Judge Niles had found, and reduced the alimony from $125.00 a week to $75.00 a week. When his decree was appealed by the wife, Judge Cullen, on February 19, 1960, refused to order the husband to advance the cost of preparing the record, saying that there was no reasonable ground for the appeal and that the wife had independent means. The appeal is from both the decree reducing the alimony and the order refusing the costs.

Since the dismissal of the appeal from the decree of June 25 made that decree final and in full force and effect, it must be accepted as having been correct when it was entered. "It is not within the province of this Court, in considering a petition for modification, to review the propriety or sufficiency of the original award." *Warren v. Warren*, 218 Md. 212, 214. In *Hughes v. Hughes*, 216 Md. 374, 379, Judge Henderson, for the Court, adopted the words of 17 Am. Jur. *Divorce and Separation* Sec. 719, p. 764, that "* * * all questions concerning alimony which are or ought to be determined in a divorce proceeding are res judicata in a subsequent proceeding in the same jurisdiction."

It is, of course, equally established that the equity court which made the original award of alimony may modify that award if thereafter there comes about material change in circumstances which justify the action. *Langrall v. Langrall*, 145 Md. 340, 345; *Moore v. Moore*, 218 Md. 218; *Warren v. Warren, supra*.

The case turns, then, on whether there had occurred such material change in conditions as to justify Judge Cullen in reducing the alimony set by Judge Niles.

In his answer to the original bill of the wife for divorce and alimony, the husband alleged that his business (Nationwide Service, Inc., an employment agency at the executive level, with offices in Baltimore and Philadelphia) was, and for some time had been, operating at a loss, that he was in debt to the amount of $10,000, that his net earnings did not equal his wife's and his expenses greatly exceeded hers. He attempted to sustain these allegations at the trial.

Judge Niles found that the couple, during their married life

together of some twenty-three years, had spent $18,000 a year, that "his earning capacity is in the neighborhood of $20,000 to $21,000 a year," that he was the beneficiary of a trust fund worth some $140,000, which produced an annual income of about $3,500 and made distributions of capital to the husband every two years of about $14,000, that since the separation the wife had become a school teacher; he knew the wife was earning $4,000 a year and might not be reemployed next year and apparently that she might be reemployed with a $200.00 raise, and that her financial needs called for the alimony awarded.

Before Judge Cullen, the husband made essentially the same contentions as to a decrease in his business income he had made before Judge Niles. Before Judge Cullen he blamed the decrease on a strike in the steel industry and the fact a key employee in his Philadelphia office had left him and started a competing business. He relied on the fact that the wife had been reemployed as a teacher and had received the $200.00 raise. In rebuttal, the wife showed that the husband's Baltimore and Philadelphia offices had produced an income of $17,329.00 from January 1 to September 30, 1959, even though, as the husband earnestly pointed out, October produced a loss of $9,750.30. The husband's accountant, however, explained that no customer had been billed in October. The wife intimates that the October loss was the result of "litigation accounting." In any event, without suggesting that we agree, we note that the decrease in income of a business which had produced a substantial income over the years was not shown to be more than temporary.

The facts are in general not unlike those in *Langrall v. Langrall, supra,* where this Court held that a decrease in the husband's income, because of a dip in the income of his firm which appeared merely temporary, would not justify a revision of alimony.[1]

---

1. Judge Urner said for the Court at page 344 of 145 Md.: "* * * the business which produced the appellee's income was still in active existence, and while he testified it had been conducted at a loss for several years preceding his petition to have the alimony abated, there was no satisfactory proof that its prospects for the immedi-

There was no evidence of change in the wife's income or needs, which had not been taken into account by Judge Niles. The record makes it appear clearly that there were no material changes in conditions or in the circumstances of the husband or wife between June 25, when Judge Niles made the original award, and December 9, when Judge Cullen modified it. On essentially the same facts Judge Cullen reached a conclusion different from that arrived at by Judge Niles. This he had no right to do since his function was only to determine whether there had been a change in circumstances, and his action in modifying the original decree was unwarranted.

Our holding establishes that the wife had good grounds for appeal, and the costs thereof, and a reasonable fee to her lawyer for prosecuting it, to be fixed below on remand, must be paid by the husband. *Timanus v. Timanus,* 178 Md. 640, 644.

> *Case remanded, decree of December 9, 1959, and order of February 19, 1960, denying costs, reversed and decree of June 25, 1959, reinstated, appellee to pay the costs.*

ate future were unfavorable. * * * It was not suggested in the testimony, and it could not be assumed, that the depression in the canning industry to which the appellee referred would be permanent. The business of this firm had continued for a period of twelve years and appeared to have ample credit and financial support. During the season following the reduction of the alimony by the court below the business may have been very profitable. The proof does not prevent that supposition."