## LEYMOND W. LOTT *v.* VELMA LOTT

[No. 359, September Term, 1972.]

*Decided April 6, 1973.*

The cause was argued before CARTER, GILBERT and SCANLAN, JJ.

*Jerome F. Connell, Sr.,* for appellant.

*Bernard F. Goldberg* for appellee.

CARTER, J., delivered the opinion of the Court.

The appellee and cross-appellant, Velma Lott (wife) was awarded a divorce a vinculo from the appellant and cross-appellee, Leymond W. Lott (husband) on May 28, 1970 by the Circuit Court for Howard County. At the time of the decree the husband was directed to pay the monthly sums of $250 alimony and $200 support for the only child of the parties, Edmund Lott then about 9 years of age. On September 14, 1970 the decree was modified to require the husband to pay the wife an additional sum of $40 per week to defray the expense of affording their son treatment for dyslexia (impairment

of the ability to read). On June 24, 1971 the wife filed a petition to increase the amounts of alimony and child support. The petition was duly heard and a modification order and supporting opinion were filed on February 15, 1972. The order increased the monthly alimony from $250 to $332.50 and the monthly child support from $200 to $266. The $40 weekly payment for tutoring services for the son was not disturbed. Both parties appealed to this Court. The husband contends (1) that the trial court was without jurisdiction to increase the alimony and child support because there was no showing of a substantial change in the circumstances of *both* parties since the original award, and (2) that the increases were not justified under the circumstances. The wife contends that the trial court committed obvious error in computing the increase of alimony and child support.

## FACTS

The parties were married June 22, 1952 and lived together until 1968. In the early years of the marriage the wife worked and assisted her husband in defraying the cost of his medical education. He began the practice of medicine about 1962 and soon enjoyed a lucrative income. The parties ultimately purchased a $65,000 home and their living conditions were correspondingly oriented to persons living in similar circumstances. In 1968 the husband requested the wife to allow him a divorce and she refused. At that time he was about 39 years of age and his wife was 38. Thereafter he left the State and went West with his paramour and her child by a former marriage. After remaining away for about nine months and being unable to procure a license to practice medicine in a foreign jurisdiction, he returned to Maryland with his paramour, her child, and a child born to them.

During the husband's absence the expensive home of the parties was sold under a mortgage foreclosure and

the wife was required to move to a modest apartment. Soon after the husband left, the wife, of necessity, became employed as an assistant in the office of the Clerk of the Circuit Court for Howard County. Her take home pay was $70 per week. It was substantially the same figure at the time of the supplementary decree. She has no assets of consequence other than her wages.

Following the divorce (May 1970) the husband married his paramour. They now have a household consisting of one child of hers by a former marriage and their two children. At the time of the divorce the husband had an annual net income before taxes of $24,048. After his second marriage he purchased a home for $62,500 in which he now resides with his second family and maintains an office for the practice of medicine. This property is subject to a $50,000 mortgage. In his application for this mortgage loan in April 1971, he listed his yearly earnings as $32,000. His accountant gave his net income for the nine-month period, January 1, 1971 to September 30, 1971 as $23,591.77. This net figure was computed on the basis of his gross cash income from medical practice less expenses. Projecting this figure for the remainder of 1971, the anticipated net income of the husband before taxes for the calendar year 1971 would amount to $31,455.60.

The husband filed an itemized list of his indebtedness which totaled about $16,000. This figure included loans from banks, balances due for office equipment, plumbing repairs to the home, and attorney's fees. He is also presently paying $434 per month on the mortgage indebtedness against his home.

It was conceded by the wife that her needs had not substantially changed since the date of the original award.

*LAW*

## SUBSTANTIAL CHANGE IN CIRCUMSTANCES OF *BOTH* PARTIES IS NOT A CONDITION PRECEDENT TO COURT'S JURISDICTION TO MODIFY AN ALIMONY AWARD.

The husband's contention, that the court was without jurisdiction to entertain the wife's petition for an increase in alimony because there was no showing of a substantial change in the circumstances of both parties since the original award, is without merit.

It is well settled in this State that a court of equity may, for sufficient cause shown, modify a decree for alimony at any time. In so doing, however, it may not relitigate matters that were or should have been considered at the time of the initial award. In so holding the Court of Appeals said in *Stansbury v. Stansbury,* 223 Md. 475, 477, 164 A. 2d 877:

> "* * * 'It is not within the province of this Court, in considering a petition for modification, to review the propriety or sufficiency of the original award.' *Warren v. Warren,* 218 Md. 212, 214. In *Hughes v. Hughes,* 216 Md. 374, 379, Judge Henderson, for the Court, adopted the words of 17 Am. Jur. *Divorce and Separation* Sec. 719, p. 764, that '* * * all questions concerning alimony which are or ought to be determined in a divorce proceeding are res judicata in a subsequent proceeding in the same jurisdiction.' [1]

> "It is, of course, equally established that the equity court which made the original award of

---

1. In *Langrall v. Langrall,* 145 Md. 340, 125 A. 695 the Court in determining a petition to modify an alimony award said at 345: "* * * Our inquiry is not directed to a review of the original award, but is solely concerned with any difference between the present circumstances of the parties and those which existed when the decree for alimony was passed. * * *"

alimony may modify that award if thereafter there comes about material change in circumstances which justify the action. *Langrall v. Langrall,* 145 Md. 340, 345; *Moore v. Moore,* 218 Md. 218; *Warren v. Warren, supra.*

In this jurisdiction most of the cases concerned with the modification of alimony that have reached the appellate courts have involved situations where there was a substantial change in the circumstances of both parties. It is clear, however, from the principles enunciated and applied in these cases and from the uniformly accepted rule in such matters that a substantial change in the circumstances of *both* parties is not a necessary condition to the court's jurisdiction or authority to modify an initial award of alimony.

In *Winkel v. Winkel,* 178 Md. 489, 15 A. 2d 914, the Court of Appeals discussed at length the principles or rules of law governing the fixing of the amount of initial alimony as well as any modification thereof. In reducing the amount of alimony upon the wife's petition for an increase in this case, the Court said at 498-499:

"In the matter of alimony, the chancellor, however, must act in the present in reference to a variable ability to support. * * * *[I]f there be faculties and alimony be awarded, and the faculties should later increase or decline or utterly fail, the amount of the alimony may be varied accordingly* or rescinded. * * * *The doctrine is founded in an equality of right and obligation, and its enforcement is indifferent to whether the change is in the relief of one spouse, so long as the rights of the other are not denied.* It is patent that of its nature alimony is in amount subject to variations from time to time as the circumstances, needs, and pecuniary condition of the parties change.

"* * * The obligation must be correspondingly

fulfilled out of the husband's *contemporaneous faculties, * * *.*" (emphasis added)

These enunciated principles were applied by the Court in determining the validity of the decree modifying the amount of alimony. In so doing the Court said at 508:

> "With the principles ascertained and in mind, the court, *thus advised and governed, * * ** finds no sufficient basis for any modification of the decree of the court in reducing the alimony * * *." (emphasis added)

In *Stevens v. Stevens,* 233 Md. 279, 196 A. 2d 447, the Court of Appeals denied a husband's petition for a reduction of alimony on the basis that there was no showing of a substantial change in the circumstances of either party. In commenting on when modification is justified the Court, speaking through Judge (later Chief Judge) Hammond, said at 282:

> "* * * It has long been established in Maryland that an equity court can modify a decree providing for the payment of alimony *when changed circumstances indicate that it should be modified, * * *.*"
> (emphasis added)

In discussing the general rule it is stated in an annotation titled "Modification of Alimony Decree", 18 A.L.R.2d pp. 13-91 at p. 16:

> "§ 2. General rules.
>     It is a ground—and perhaps the most common ground—for the modification of a decree for alimony or maintenance that there has been a substantial change in the financial condition of the husband *or* wife since the decree was entered." (emphasis added)

See cases cited, including *Winkel, supra.* At 25-26 *Ibid.,* it is further stated:

"§ 7. Increase in husband's income.

It is obvious that a substantial increase in the husband's income is an important factor in determining whether to modify a decree for alimony or maintenance."

See cases cited, including *Winkel, supra.* 24 Am. Jur. 2d, *Divorce and Separation,* § 676 sets forth:

"* * * [I]n the absence of fraud or concealment in procuring the decree, [original] the sufficient cause for modifying the allowance of alimony must arise from a substantial change in the circumstances of *one, or at least one, of the parties.* * * * "
(emphasis added)

It seems clear from the principles enunciated in the above cited cases and text that a substantial increase in the husband's income alone can, under appropriate circumstances, be legally sufficient to justify an increase in the amount of alimony even though the wife's needs continue as they existed at the time of the initial award. Whether or not an increase is justified in such a situation, however, is to be determined by an application to the changed conditions [2] of all the relevant principles that are applied in fixing the amount of the original award of alimony.[3] What amounts to a *substantial* change in the husband's financial circumstances is a matter to be determined in the sound discretion of the chancellor for which there are no fixed formulas or statutory mandate. See Anno: "Modification of Alimony Decree", *supra,* § 9, p. 37.

---

2. The fact that the financial circumstances of the husband have changed substantially would not in and of itself necessarily justify an increase in the amount of the wife's alimony. For instance, if his indebtedness and legal obligations had also substantially increased since the initial award so as to consume any increase or substantially reduce the net amount thereof, such factors would be entitled to consideration in determining whether the alimony should be increased.

3. See *Quinn v. Quinn,* 11 Md. App. 638, 276 A. 2d 425 for a statement of the principles applied in fixing initial alimony.

We conclude that under the facts of this case the chancellor was not without jurisdiction to consider the wife's petition for an increase of alimony solely because of her failure to establish a substantial change in her circumstances since the initial award.

## THE SAME RULE APPLIES TO A MODIFICATION OF CHILD SUPPORT

The rule in respect to the modification of an award for child support is the same in principle as that applicable to modification of an alimony award. In *Slacum v. Slacum,* 158 Md. 107, 148 A. 226, it is stated at 111:

> "The power of the court to vary the amount allotted to the wife for the support of the infant should not be exercised except when clearly indicated by a change in the circumstances, needs, and pecuniary condition of the parties. *Langrall v. Langrall,* 145 Md. 340, 344, 345."

See *Warren v. Warren, supra* and an annotation titled "Child Support Decree-Modification", 89 A.L.R.2d pp. 7-102 and cases there cited.

## MODIFICATION DECREE NOT CLEARLY IN ERROR

The husband contended the fact that he had acquired a new wife and legal responsibility for additional children born of his remarriage was a matter that should be considered in determining the petition to increase. The wife contended to the contrary.

The record shows that the husband's remarriage and additional parental responsibilities were testified to by him at the trial. The chancellor's opinion specifically mentions these factors, thereby showing that he did consider them along with other pertinent matters. In *Warren, supra* as well as in the supporting cases of *Langrall, supra* and *Marshall v. Marshall,* 164 Md. 107, 163 A. 874 (1933) the Court of Appeals held only that the husband's remarriage *in and of itself* was not suffi-

cient to justify a reduction of previously awarded alimony. These cases *did not hold* that where there are other substantial changes in the circumstances of the parties the husband's remarriage may not be considered along with such other pertinent changes.

In 27A C.J.S. Divorce § 239 d it is stated:

"The remarriage of the husband to another does not preclude modification of the amount of alimony decreed to his wife. On the contrary, such remarriage is a circumstance to be considered on an application for modification, and may under some circumstances warrant a reduction to enable him to fulfill his obligation to support his second wife * * * although the first wife is ordinarily entitled to first consideration, * * *. Indeed, the first wife's allowance may even be increased after his remarriage, * * *."

For numerous cases in other jurisdictions supporting this text, see footnotes 60-72.

In 24 Am. Jur. 2d, *Divorce and Separation* § 689 it is stated:

"* * * In some cases, however, the remarriage of a divorced husband has been taken into account in readjusting the alimony decreed, where it appeared equitable to do so."

For supporting cases, see Annotation titled "Alimony as affected by remarriage", 112 A.L.R.2d 246-250.

In the total circumstances of this case, we conclude that the chancellor was not in error as a matter of law in considering the husband's remarriage, together with other factors involved in the changed circumstances of the parties, in arriving at his determinations.

In speaking of the criteria for fixing the amount of alimony originally awarded, we said in *Quinn v. Quinn, supra* at 643:

> "* * * [I]n determining an award of alimony * * * the court should consider the husband's wealth and earning capacity, the assets and income of the wife, the station in life of the parties, their age, physical condition, and ability to work, the length of time the parties lived together, the circumstances leading up to the divorce, and the fault which destroyed the home. * * * *The husband's overall financial ability to support* (and not merely his current income), *and the wife's need for support are controlling factors. * * ***" (emphasis added)

See also *Eberly v. Eberly,* 12 Md. App. 117, 126-127, 278 A. 2d 107. In *Eberly, supra* this Court, in speaking of the authority of the chancellor to fix the amount of alimony, said at 127:

> "* * * It is clear that 'the [alimony] award should not be disturbed unless the chancellor's discretion was arbitrarily used or his judgment was clearly wrong.' *Blumenthal v. Blumenthal,* 258 Md. 534, 541."

The modification order increased the alimony and child support by approximately one-third. This increase was in direct proportion to the increase in the husband's net earnings before taxes since the original decree. His annual net income before taxes at the time of the initial award was approximately $24,000 and at the time of the modification order it was approximately $32,000. Applying the principles enunciated in *Quinn,* which relate to the fixing of the amount of the initial alimony to the changed conditions in this case, we conclude that the chancellor was not clearly in error in increasing the initial awards.

## NO INCONSISTENCY SHOWN

The wife points out that the chancellor increased her monthly alimony award from $250 to $332.50 and the

child support from $200 to $266 and that in the last page of the supporting opinion he referred to these two increased amounts and then stated "* * * which together with the $40.00 per week for special tutoring will amount to $9,262.00 per year or approximately 34.5% of his [husband's] net income [$32,000]. * * *" Based on this computation the figure of $9,262 per year is correct. However, that part of the opinion which equates the figure of $9,262 to "approximately 34.5% of his net income" is not correct. Thirty-four and one-half per cent (34.5%) of the husband's net income before taxes ($32,000) would equal $11,040.

We think it is clear from the content of the opinion in its entirety that the reference therein to the amounts set forth in the decree being equal to 34.5 per cent of $32,000 was an obvious miscalculation. We hold that the chancellor intended to award the amounts specifically set forth in the decree. If he intended otherwise, the decree is subject to the continuing jurisdiction of the court and the corresponding authority to modify it further if such modification is justified under the standards set forth in this opinion.

*Modification order affirmed.
Appellant to pay costs.*