HILTON W. MAYNARD, SR. *v.* LUCILLE HUNT MAYNARD

[No. 85, September Term, 1978.]

*Decided April 10, 1979.*

48

The cause was reargued before MORTON, LISS and WILNER, JJ.

Reargued by *George Chartrand*, with whom were *Alan Hilliard Legum* and *Legum, Cochran & Chartrand, P.A.* on the brief, for appellant.

Reargued by *Thomas M. Schifanelli* for appellee.

MORTON, J., delivered the opinion of the Court.

This is an appeal by Hilton W. Maynard, Sr., from a decree entered in the Circuit Court for Anne Arundel County (Wray, J.) divorcing the parties and awarding his wife, Lucille Hunt Maynard, permanent alimony. There is a single contention:

> "Absent an intervening substantial or material change in the circumstances of the parties, the Court may not issue an Order for an increase in permanent alimony over the amount previously awarded for alimony pendente lite."

The record reveals that appellant brought the suit for divorce on the ground of voluntary separation. Md. Code, art. 16, § 24. Appellee, in her answer, charged appellant with desertion and later filed a cross-bill for separate maintenance both pendente lite and permanent. A hearing on the bill for separate maintenance pendente lite was held on May 27, 1977, before Judge Bruce C. Williams. After reviewing the testimony and financial statements filed by the parties, Judge Williams signed an order dated June 3, 1977, directing appellant to pay the appellee "the sum of $30.00 bi-weekly accounting from May 27, 1977."

The proceedings went to hearing on the merits before Judge James L. Wray. Testimony was taken, the parties again filed financial statements and by a decree signed on January 11, 1978, the parties were granted a divorce a vinculo matrimonii and appellant was ordered to pay the appellee "$65.00 bi-weekly as permanent alimony * * * ."

It is in this procedural and factual posture that appellant contends that Judge Wray was without authority to enter the

award of permanent alimony in an amount in excess of the award of alimony pendente lite, since there had been no material or substantial change in the financial circumstances of either of the parties during the seven-month period between the award of alimony pendente lite and the award of permanent alimony.

At first blush appellant's argument has a certain appeal. He points to the statements of this Court in *Lott v. Lott,* 17 Md. App. 440, 444 (1973), where we said:

> "It is well settled in this State that a court of equity may, for sufficient cause shown, modify a decree for alimony at any time. In so doing, however, it may not litigate matters that were or should have been considered at the time of the initial award."

This, of course, is still good law in our opinion. Appellant's effort to have it apply in this case, however, would require us to lift the statement out of context since in *Lott* the issue was whether to modify a permanent award of alimony, previously granted, as a result of alleged changes in the financial circumstances of the parties.

Here, however, we are concerned with the difference in the amount of alimony pendente lite and the amount of permanent alimony awarded, which, in our opinion, is not comparable to a situation where a court modifies an award of permanent alimony previously granted. As the nomenclature indicates, an award of alimony pendente lite is a monetary payment pending the outcome of litigation which has been instituted but which has not been concluded.

In *Black's Law Dictionary* (4th ed., 1951) alimony pendente lite is defined as "an allowance made pending a suit for divorce or separate maintenance, including a reasonable allowance for preparation of the suit as well as for support." On the other hand, Black defines permanent alimony as a "provision for the support and maintenance of a wife during her lifetime." [1]

---

1. Md. Code, art. 16, § 5 authorizes the payment of alimony and alimony pendente lite in terms of a "spouse" rather than a wife.

In *Nelson on Divorce and Annulment* (2d ed., 1945), alimony pendente lite is spoken of in terms of "temporary alimony." In § 12.13 it is stated:

"An application for temporary alimony or for suit money, in a pending matrimonial action, while not a separate suit, is a collateral proceeding within the basic suit, and is a proceeding for a separate order, independent of the final judgment in the action."

In § 12.24 *Nelson* states:

"The applicant for the allowance must show, at least prima facie * * * in order to obtain an allowance pendente lite of temporary alimony, allowance for support of children, and/or suit money, including counsel fees, (1) the pendency of the matrimonial action in which the allowance is sought; (2) the existence of a marriage between the parties; (3) a probable cause of action or defense on the part of the applicant, with reasonable probability of success of the applicant on the trial; (4) financial inability of the wife to support herself and/or to prosecute or defend the action; and (5) the ability of the husband to make the payments."

This, of course, is a substantially different measure than that employed in awarding permanent alimony.[2] In *Flanagan v. Flanagan,* 270 Md. 335, 339 (1973), the Court of Appeals quoted with approval *Timanus v. Timanus,* 178 Md. 640, 642 (1940):

" 'It is a general rule that a court, before determining the award of alimony, should consider the maintenance of the wife [3] in accordance with the husband's duty to support her suitably, together with the husband's wealth and earning capacity. In addition to the financial circumstances of the parties, the court should also usually consider their station

2. *See* Marshall and May, The Divorce Court, p. 119.
3. Today we speak in terms of a spouse rather than a husband or wife.

in life, their age and physical condition, ability to work, the length of time they lived together, the circumstances leading up to the separation, the fault which destroyed the home, and their respective responsibilities for the care and support of the children.' " (Emphasis omitted.)

The Court in *Flanagan* went on to say, at 340-41:

"[W]e think, that the General Assembly intends that when alimony is permitted the factors to be weighed in determining an appropriate award are considered in the same light in Maryland whether the bill for divorce is brought on a fault or no fault basis."

It is perfectly apparent that all the factors which a chancellor must consider in a divorce proceeding looking to an award of permanent alimony cannot be developed in a preliminary hearing which forms the basis of an award pendente lite. It is only after a full and complete hearing on the merits of the respective claims of the parties that a chancellor is in a position to formulate a judgment which has a greater degree of permanency than the judgment he pronounces after a hearing on temporary alimony. Counsel for appellant seems to recognize this distinction for he argued below that since the appellant had been giving the appellee the sum of $30.00 bi-weekly prior to the hearing on alimony pendente lite, "we would at this time agree to consent to the award of alimony pendente lite in that same amount, $60.00 per month, to Mrs. Maynard. I believe this would be justified in consideration of the fact that this has been the amount which Mrs. Maynard has been receiving over the past three years and therefore, in accordance with the purpose of alimony pendente lite which is to maintain the *status quo* of the parties so the wife would not suffer financial hardship, I believe that that sum would be fair and reasonable under the circumstances of this case."

Later counsel for appellant at the preliminary hearing below aptly described the function of alimony pendente lite:

"So I think to continue the *status quo* in this case,

the Court need only require that Mr. Maynard continue the same payments which he has been making and which he is up to date on, and that is $30.00 bi-weekly. I don't think provisions of *alimony pendente lite* are intended to cover all the various nuances and elements that a permanent alimony is supposed to provide for. In this case we're merely trying to provide for the *status quo.* This isn't a situation where the parties have been living together and there's suddenly a separation for one reason or another and now the Court has to decide how much money do we have to give to the wife in order that she can maintain herself pending the outcome of the divorce proceedings. In this case, the wife has been maintaining herself for ten years and for the last two or three years at least has been maintaining herself based on this $30.00 bi-weekly."

While this Court does not desire to have counsel for appellant feel that his argument below has come back to haunt him in this appeal, the fact remains that he recognized, and we think properly so, the distinction between alimony pendente lite and permanent alimony. Judge Williams, who awarded the alimony pendente lite, indicated he was very much aware of its nature when he said in response to a question from counsel:

"Well, I don't think they [answers to Interrogatories] do mean an awful lot in a *pendente lite* hearing when you try to figure out how much she needs and how much he can afford to pay on a temporary basis."

Thus, we think the principle that an award of permanent alimony will not be modified or terminated unless there is a change in the financial circumstances of one or both of the parties, *Lott, supra,* at 445, does not limit the initial award of permanent alimony, which may or may not be in excess of an amount awarded to a spouse as alimony pendente lite. They are separate and distinct awards and the amount found reasonable as alimony pendente lite does not control or place

a constraint upon the chancellor awarding permanent alimony.

*Judgment affirmed; costs to be paid by appellant.*