BETTY A. (HUEBSCHMAN) REESE *v.*
RICHARD D. HUEBSCHMAN

[No. 696, September Term, 1981.]

*Decided February 5, 1982.*

The cause was argued before LISS, COUCH and BISHOP, JJ.

*Joseph F. Gaffigan,* with whom were *Bill L. Yoho, Robert S. Hoyert, Theodore L. Mast, Stephen H. Kiefert, Richard M. Dull* and *Hoyert & Yoho* on the brief, for appellant.

*Jack D. Leonard, II,* with whom were *Hans J. Phillips, Douglas W. Knight* and *Leonard, Phillips & Knight* on the brief, for appellee.

COUCH, J., delivered the opinion of the Court.

On January 16, 1980, the Circuit Court for Anne Arundel County ordered Betty Amanda Huebschman, the appellant, divorced *a vinculo matrimonii* from the appellee, Richard Dennis Huebschman. The decree, inter alia, incorporated a provision of their August 2, 1979 separation agreement that provided the appellee pay appellant $200.00 per month for the support of their minor children. Mr. Huebschman petitioned the court for specific visitation on May 5, 1980. Mrs. Huebschman petitioned the court for modification of the decree as to child support on May 27, 1980. Both petitions were heard on March 27, 1981 and the chancellor ordered child support to be increased by 9.5%, from $100.00 to $109.50 bi-weekly, and spelled out in detail a visitation schedule, upon which the parties had previously agreed. That schedule is not an issue on appeal. What is at issue here is appellant's claim that the chancellor erred (1) in ruling that change of circumstances must be shown "to modify a Separation Agreement by increasing child support" and (2) in denying appellant attorney's fees.

## I

Appellant's first argument is that the chancellor erred when he ruled that a change in the parties' circumstances must be shown to sustain a modification of the child support mandated by an enrolled divorce decree. Appellant asserts

that the applicable standard is the "best interests of the child" and cites Md. Ann. Code art. 16, § 28 for that proposition. We shall hold that that section is inapposite to the issue in this case and the chancellor was correct in his ruling.

Section 28 states, in pertinent part, that in any agreement between a husband and wife relating to child support, "the court has the right to modify the deed or agreement in respect to the infants as to the court may seem proper, looking always to the best interests of the infants." This section clearly means that when the court incorporates a separation agreement, which contains a provision providing for child support, into a divorce decree, the chancellor, in his discretion, may modify the amount of child support agreed upon by the parties. However, when the decree becomes enrolled, it is res judicata between the parties and § 28 no longer applies. Any issue that was litigated or could have been litigated in the divorce proceeding may not be relitigated in a subsequent petition to modify the support. The basis of a petition to modify child support may only be an issue that was not and could not have been raised earlier, *viz.,* a change in the circumstances of the parties.

In *Lott v. Lott,* 17 Md. App. 440, 302 A.2d 666 (1973), we held that the rule for modifying child support was the same as that for modifying alimony. *Id.* at 448, 302 A.2d at 671. We held that the court may modify alimony at any time, if there is sufficient cause, but that it may not

> "relitigate matters that were or should have been considered at the time of the original award. . . . '[A]ll questions concerning alimony which are or ought to be determined in a divorce proceeding are res judicata in a subsequent proceeding in the same jurisdiction.' . . . It is, of course, equally established that the equity court which made the original award of alimony may modify the award if thereafter there comes about material change in circumstances which justify the action." *Id.* at 444-45, 302 A.2d 669.

Therefore, the exact same considerations apply to a modification of child support: a change in circumstances must be shown to sustain a modification of child support contained in a divorce decree.

The "best interests of the infants" standard found in Section 28 applies only when a court is adopting an agreement of a husband and wife concerning child support into an original decree. Once that decree is enrolled, the standard for modification is controlled by the doctrine of res judicata.[1] The correct standard to be applied when modifying support is clearly enunciated in *Cole v. Cole,* 44 Md. App. 435, 439, 409 A.2d 734, 738 (1979):

> "It is, of course, well settled in this State that a court of equity may upon a proper petition to do so modify a decree for alimony or child support at any time if there has been shown a material *change in circumstances* that justify the action. *Jackson v. Jackson,* 272 Md. 107, 111, 321 A.2d 162 (1974); *Stansbury v. Stansbury,* 223 Md. 475, 477, 164 A.2d 877 (1960); *Winkel v. Winkel,* 178 Md. 489, 498-499, 15 A.2d 914 (1940); *Slacum v. Slacum,* 158 Md. 107, 111, 148 A. 226 (1930); *Lott v. Lott,* 17 Md.App. 440, 302 A.2d 666 (1973). It is equally well settled that, as with an original award, the decision on the question of modification of the original award is left to the sound discretion of the chancellor and will not be disturbed unless that discretion was arbitrarily used or the judgment, clearly wrong. *Lott v. Lott, supra."* (Emphasis added.)

---

1. We should note that there exists a common law duty to support a minor child which may be enforced by an action at law. Even when the child support provisions contained in an enrolled decree may not be modified because of their res judicata effect, expenses for extraordinary necessaries, which are, by definition, not contemplated by child support, may be recovered. *Fainberg v. Rosen,* 12 Md. App. 359, 365-366, 278 A.2d 630, 633-34 (1971), *citing Kriedo v. Kriedo,* 159 Md. 229, 150 A. 720 (1930) (reimbursement by ex-husband to ex-wife for medical and funeral expenses paid for by ex-wife of minor child.)

Even after the chancellor determines that a change in the parties' circumstances has occurred,[2] res judicata also prevents him from making retroactive any modification of the amount of the support payments prior to the date of the filing of the petition to modify the support. *Fainberg v. Rosen,* 12 Md. App. 359, 364, 278 A.2d 630, 633 (1971).

Appellant also argues that, assuming the chancellor was correct in applying the change of circumstances rule, his decision to increase child support payments by only 9.5% was clearly erroneous, *see* Md. Rule 1086, and must be reversed. In making his ruling, the chancellor stated:

> "So I do feel that the wife is entitled to an increase, but I think the husband has met the increase! He got a 9% raise and he gave her a 9% raise of what he got. If I were to give her any more, I'd be going back behind the decree because that was a fair amount that he set then. And the wife has said — the testimony — by her own testimony that the increase is the cost of living and he's got no more. Now if he got a healthy pay raise, it might be something else. But he has gone up 9%. She doesn't know what hers has gone up, but other than the regular cost of living. And he has voluntarily increased his support payments, whether it be by the agreement, not by the court order. And the Court believes that the order should be changed to reflect what he is now giving, but I don't see that I can charge him any more."

We cannot say that the chancellor was clearly erroneous where the mother did not attempt to prove exactly how much her expenses had increased, the father's income increased by 9.1%,[3] and the chancellor ordered the payments increased by 9.5%. We thus affirm this part of the chancellor's ruling. *See* Md. Rule 1086.

---

**2.** A change in the circumstances of only one party satisfies this standard. *Lott v. Lott,* 17 Md. App. 440, 444-48, 302 A.2d 666, 668-69 (1973).

**3.** The father's gross increase in income was 9.1%. He testified his "take home" increase was "slightly over 5%."

## II

The second issue the appellant presents is that the chancellor abused his discretion in denying appellant attorney's fees as permitted by Md. Ann. Code art. 16, § 5A. The chancellor stated:

"Now there's another request in here — the wife has requested counsel fees. And I think it comes to a point that the court is placed in a very difficult position because I know that counsel does what they say they do on the letter, and I don't have any doubt that the hourly rate that is being charged, but the court again has to look to the need and the benefit conferred. Half of this case, and it actually began with specific visitation, a complaint against the husband against the wife to set up a regular schedule. And I can't break the bill down. I don't know what's visitation and what is for support. And the husband had voluntarily increased the support payments to the amount that I've ordered, so I'm afraid the court is not going to award counsel fee in this matter. The reason being that the husband had voluntarily increased the amount."

It is clear to us that the chancellor found that the amount of the attorney's fee actually incurred was not in question. The appellant's attorney introduced into evidence a bill for $1423.75 covering the period of May 2, 1980 through March 26, 1981. The legal work described in the bill was related to both instituting the appellant's petition to modify the child support and defending the appellee's petition for specific visitation.

The reason the chancellor denied recovery of attorney's fees is somewhat unclear to us. While it is clear that the chancellor found (1) that the bill for attorney's fees was not itemized as to the work done in defending appellee's visitation petition, as opposed to the work done in instituting the appellant's support petition, (2) that recovery for fees arising from work done on one of the petitions was not

justified, and (3) concluded that he could not award attorney's fees for that part of the work done on the petition that was justified, it is unclear which petition the chancellor found did not justify recovery. The appellee asserts that recovery on his visitation petition was not justified because it was settled prior to the March 27, 1981 hearing. The record shows that the parties entered into an agreement concerning visitation at the beginning of that hearing in open court. Appellee also asserts that no recovery on the support petition was justified because it was "obviously retaliatory in nature" and the appellee had already voluntarily increased his payments by 9.1%.

Section 5A of Article 16 allows the chancellor to grant attorney's fees if there is "substantial justification for instituting or defending" an action relating to visitation or support. The question of substantial justification is a matter of law. *Peterman v. Peterman,* 14 Md.App. 310, 316, 286 A.2d 812, 816 (1972), *citing Rhoderick v. Rhoderick,* 257 Md. 354, 361-62, 263 A.2d 512, 516 (1970). Once substantial justification is found, the amount is left to the discretion of the chancellor.

We find there was substantial justification for both defending the visitation petition and instituting the support petition. The appellant had no choice but to defend against appellee's visitation petition. It merely asked for visitation consisting of three weekends per month, alternating holidays, and three weeks during summer vacation. The appellant was at least justified in obtaining counsel to negotiate the specifics of appellee's demand, even if there was no justification to resist the extent of the visitation demands, although there is nothing in the record to suggest the latter. The fact that the issue was settled at the beginning of the hearing by agreement of the parties instead of at the end of the hearing by the chancellor is irrelevant to the issue of substantial justification.

There was also substantial justification for instituting the support petition. Although the appellee had apparently voluntarily increased his support payments by 9.1%, the amount of

his salary increase, he was not legally obligated to continue payments above the amount ordered in the divorce decree ($100.00 bi-weekly). In addition, the appellant in her petition alleged that the payments should be increased because the expenses involved in supporting the children had increased due to their older ages and inflation. Therefore, there was substantial justification for appellant's petition, both to make the voluntary 9.1% increase legally binding and to ask for a further increase because of the children's older ages and inflation.

Because we find that there was substantial justification for instituting the support petition and for defending the visitation petition, we reverse that part of the chancellor's ruling denying attorney's fees and remand the action to him to award attorney's fees to the appellant in an amount he, in his discretion, *see Jackson v. Jackson,* 272 Md. 107, 321 A.2d 162 (1974), thinks is "just and proper under all the circumstances," Md. Ann. Code art. 16, § 5A.

*Decree affirmed in part and reversed in part; case remanded for the passage of a modified decree consistent with this opinion.*

*Costs to be paid one-half by appellant and one-half by appellee.*